## EUROTAS MORTON

### v.

### MILTON R. STEWARD ET AL.

INFANCY—NOTE OF INFANT—CONSIDERATION MAY BE INQUIRED INTO.—An infant is incapable of stating an account or binding himself by note or agreement to pay a particular price for necessaries. While the infant is responsible on a *quantum valebant* for the value of necessaries, his note for the amount is not binding upon him, and an assignment of it vests no right of action in the assignee. It is necessary for the protection of the infant that the value of the necessaries for which the note was given should be inquired into.

ERROR to the Circuit Court of Macoupin county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed January 13, 1880.

Messrs. RINAKER & RINAKER, for plaintiff in error; that the note of an infant is void as against the infant in the hands of an indorsee, cited Swasy v. Vanderhuyden, 10 Johns 33;

McCrillis v. How, 3 N. H. 348; Conn v. Coburn, 7 N. H. 368; Story on Bills § 84; 1 Parsons on Contracts, 312; 1 Parsons on Notes and Bills, 68.

An infant cannot state an account: 2 Kent's Com. 235; 1 Parsons on Notes and Bills, 68; Trueman v. Hurst, 1 T. Rep. 40; Bartlett v. Emery, 1 T. Rep. 42; Ingelow v. Douglass, 2 Stark. 36; 1 Story on Contracts § 80.

The reasonable value of goods must be the basis of a recovery—not the note: Mitchell v. Reynolds, 10 Mod. 85; 1 Parsons on Notes and Bills 68.

The contract of an infant to pay interest is void: Fisher v. Mowbray, 8 East. 330.

Mr. C. A. Walker, for defendants in error; as to what constitutes an account stated, cited 1 Bouv. Law Dic. 49.

Implied contracts of an infant for necessaries are binding upon him: ' Cole v. Pennoyer, 14 Ill. 158.

There is no general rule exempting infants from payment of interest: Bradley v. Pratt, 23 Vt. 378.

As to the liability of an infant for necessaries: Bradley v. Pratt, 23 Vt. 378; Stone v. Dennison, 13 Pick. 1; Earl v. Reed, 10 Met. 387; Dubose v. Whedon, 4 McCord, 221.

Higbee, P. J. On the trial of this cause in the court below, defendants in error, who were plaintiffs there, read in evidence a promissory note indorsed to them by Royer, Steward & Brown, to whom it had been executed by plaintiff in error.

They also produced an account for goods sold by the payees in the note to plaintiff in error, and offered evidence tending to show that the goods were necessaries sold to plaintiff in error for the amount charged in the bill.

As a defense to the note and account, plaintiff in error interposed a plea of infancy, and sustained the same by proof, but the court rendered judgment against him, which he now assigns for error. The contracts of an infant are said to be void or voidable according to their effect upon his rights; void when they are clearly not for his benefit, and voidable when they might be for his benefit.

Morton v. Steward.

But this distinction is now practically obsolete; all the contracts of an infant, not in themselves illegal, are capable of ratification by him when an adult, are therefore voidable only; but if once absolutely void no ratification could give them any force. Parsons on Notes and Bills, Vol. 1, p. 67. So far as regards notes and bills to which infants are parties the rule now prevails almost universally, that they are not absolutely void but voidable merely at the election of the infant.

It is not, however, to be understood by this that the note of an infant is valid until avoided, but only that it is capable of ratification; until ratified it has no validity. In note (f) Vol. 1, p. 68, of Parsons on Notes and Bills, the author says the rule is accurately stated by Gilchrist, C. J., in Edgerly v. Shaw, 5 Fost. 514, where it is said the executory contracts of an infant are said to be voidable, but this word is used in a sense entirely different from that in which it is applied to the executed contracts of an infant.

In the latter case, the contract is binding until it is avoided by some act indicating that the party refuses longer to be bound by it. In the former case, it is meant merely that the contract is capable of being confirmed or avoided, though it is invalid until it has been ratified.

Although there is a conflict in the authorities as to the right of the payee to maintain a suit on a note given by an infant for necessaries, we think that as the note is invalid until after ratification, an assignment of the note does not vest the right of action in the assignee.

The statute does not provide for the defence of infancy in a suit by the assignee of an indorsed note, and if the note of an infant, even for necessaries, be regarded as valid, in the first instance as negotiable paper, the consideration cannot be enquired into when it has been indorsed to a *bona fide* holder for value, or if for his protection such an inquiry were permitted, the note would loose its chief peculiarity and characteristics as negotiable paper.

If no suit could be maintained by defendants in error on the note, there could be no recovery on the account upon which the note was based. The account is not assignable at law, and

there is no privity of contract between the parties to the record. The goods were sold to plaintiff in error by Royer, Stewart & Brown, and they alone could maintain a suit at law for their value. Even if a suit could be maintained by defendants in error, we think the evidence in the record fails to justify the judgment. It shows that plaintiff in error agreed to pay the price charged for the goods, but it fails to show their value.

An infant is incapable of stating an account or binding himself by note or agreement to pay a particular price or sum for necessaries.

It has been repeatedly held that while the infant is responsible on a *quantum valebant* for the value of the necessaries, his note for the amount was not binding, because this determined that amount positively, and it was necessary for the infant's effectual protection that this should be open to inquiry. Parsons on Notes and Bills, Vol. 1, p. 68; Mitchell v. Reynolds, 10 Mod. 85.

For these reasons the judgment is reversed, and as the defendants in error may wish to amend the record below by making new parties, the cause is remanded.

Reversed and remanded.