JOSEPH P. WULLER, Appellee, *vs.* THE CHUSE GROCERY COMPANY, Appellant.

*Opinion filed October 26, 1909.*

1. INFANTS—*contract of infant is voidable though he is in business.* The contract of an infant is, in general, voidable by him, and it gains no additional force from the fact that he is engaged in business for himself or is emancipated.

2. SAME—*right of an infant to disaffirm contract exists for his protection.* The exercise by an infant of his right to disaffirm his contract may operate injuriously upon the other party, but the right exists for the protection of the infant against his own improvidence and may be exercised entirely in his discretion.

3. SAME—*fact that infant's contract is executed does not preclude disaffirmance.* The fact that the contract of an infant has been executed does not preclude its disaffirmance by him, as there is no distinction in that respect between executed and executory contracts. (*Chicago Mutual Life Indemnity Ass. v. Hunt,* 127 Ill. 257, explained.)

4. SAME—*voluntary payments may be recovered by an infant— rule as to returning consideration.* Voluntary payments made by an infant under his contract may be recovered when he disaffirms the contract, and while he must return such part of the consideration as remains in his possession, yet if he has lost or expended it it need not be restored.

5. SAME—*when contract may be avoided either after or during minority.* Contracts concerning personal property and executory agreements may be avoided by an infant either after or during his minority.

6. SAME—*infant may disaffirm purchase of capital stock and recover purchase money.* Shares of stock in a corporation are personal property, and a purchase of such stock by an infant from the corporation may be disaffirmed by him during minority or after, and he may return the stock and recover the purchase money.

7. SAME—*cancellation of stock certificate is restoration.* In a proceeding by an infant against a corporation to repudiate his purchase of stock and recover the purchase money, a provision of the decree that the certificate of stock be canceled amounts to surrender of the stock by the infant and restoration to the corporation.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

L. D. TURNER, and L. D. TURNER, JR., for appellant.

DILL & PFINGSTEN, and SCHAEFER, FARMER & KRUGER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellee filed a bill for relief against the appellant, and the circuit court decreed the payment of $1500 by the appellant to the appellee and the cancellation of a certificate for fifteen shares of the capital stock of appellant held by the appellee. This decree having been affirmed by the Appellate Court, an appeal is prosecuted to reverse the judgment of the latter court.

The appellee was a minor when the bill was filed and when the cause was heard. In May, 1905, the appellant corporation was organized to carry on a mercantile business with a capital stock of $4500, of which the appellee subscribed and paid for fifteen shares of $100 each. He acted as secretary and treasurer of the corporation, and was a salesman and book-keeper thereof at $12 a week during the first year and at $15 a week thereafter until after he began this suit, in December, 1908. Having become dissatisfied with the conduct of the business, appellee filed a bill charging mismanagement thereof, repudiating, on account of his minority, his contract for said stock and refusing to be bound thereby, offering to return the certificate

for said stock, and praying for an accounting, the appointment of a receiver and general relief.

The position of the appellant is, that an infant, having advanced money upon a contract voidable because of his infancy, cannot rescind the contract and recover the money, and that he cannot elect to avoid the contract during his infancy. The contract of an infant is, in general, voidable by him, and gains no additional force from the fact that he is engaged in business for himself or is emancipated. The exercise of his right to disaffirm his contract may operate injuriously and unjustly against the other party, but the right exists for the protection of the infant against his own improvidence and may be exercised entirely in his discretion. The fact that the contract has been executed is immaterial. There is no distinction between executed and executory contracts, so far as the right of disaffirmance is concerned.

The appellant has cited the case of *Chicago Mutual Life Indemnity Ass.* v. *Hunt,* 127 Ill. 257, in which the court, in determining the right of the association to admit minors to membership, used the following language (p. 277) : "If an infant performs the conditions prescribed in the certificate, he, the same as an adult, becomes entitled to the benefits thereby secured. If he fails to perform, his membership ceases, and that is all. We do not assent to the view that, as a further consequence of his disability, he may recover back the dues and assessments he may have already paid. 'If an infant advances money on a voidable contract which he afterwards rescinds, he cannot recover this money back, because it is lost to him by his own act, and the privilege of infancy does not extend so far as to restore this money unless it was obtained by fraud.'—1 Parsons on Contracts, 332."

This language of the court used in argument was not essential to the decision and the quotation from Parsons is at variance with authority and the doctrine now accepted.

If the fact that the payment of money upon his contract was voluntary precluded its recovery, the right to avoid the contract would be no protection to an infant against his inexperience and the wiles of swindlers and cheats. Such voluntary payment may be recovered upon the avoidance of the contract. (*Shurtleff* v. *Millard,* 12 R. I. 272; *Robinson* v. *Weeks,* 56 Mo. 102; *Ruchisky* v. *DeHaven,* 97 Pa. St. 202.) The consideration, or such part of it as remains in the possession or control of the minor, must be returned, but if he has lost or expended it, so that he cannot restore it, he is not obliged to make restitution. (*Craig* v. *VanBebber,* 100 Mo. 584; *Reynolds* v. *McCurry,* 100 Ill. 356.) Contracts concerning personal property and executory agreements may be avoided by the infant either during or after his minority. (*Childs* v. *Dobbins,* 55 Iowa, 205; *Chapin* v. *Shafer,* 49 N. Y. 407; *Robinson* v. *Weeks, supra.*) The shares of capital stock of a corporation are personal property, the same as promissory notes or bonds. (*Cooper* v. *Corbin,* 105 Ill. 224.) An infant's purchase of such stock is voidable, and he may, at his election, avoid it and recover the purchase money. (*Indianapolis Chair Manf. Co.* v. *Wilcox,* 59 Ind. 429; *White* v. *New Bedford Cotton-Waste Corporation,* 178 Mass. 20.) The appellee having offered to return the stock which he had received under the contract, was entitled to the return of the purchase money he had paid.

The certificate of stock held by the appellee was merely the evidence of his rights as a stockholder. The contract by which he became a stockholder having been avoided, the decree properly provided for the cancellation of the certificate, which amounted, in effect, to the surrender of the stock by appellee and its restoration to appellant.

The judgment is affirmed.        *Judgment affirmed.*