## Ivan Falconer, Appellant, v. May, Stern & Company, Appellee.

1. INFANTS—*when personally liable.* An infant is liable for the value of goods purchased by him if they are necessary for his proper support and maintenance.

2. INFANTS—*right of disaffirmance.* "There is no difference between executed and executory contracts, so far as the right of disaffirmance is concerned."

3. INFANTS—*effect of disaffirmance.* When a minor disaffirms his contract recovery must be predicated upon the fact that the minor had incurred an obligation for necessaries of life.

4. INFANTS—*how extent as to what are necessaries determined.* While it may be true that the court may determine as a matter of law whether or not goods of a particular class fall within the rule of necessaries of life, yet it is a question of fact to be determined by the jury whether or not the particular goods furnished to the individual infant are necessaries and suitable to his estate and condition in life.

Action commenced before justice of the peace. Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

MILLER, HINDE & MILLER, for appellant; W. R. WEBER, of counsel.

H. A. LOEVY and WILLIAM P. LAUNTZ, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

A judgment was rendered in favor of the plaintiff and against the defendant before a justice of peace of St. Clair county, for two hundred dollars, on January 26, 1910, from which judgment the appellee appealed to the Circuit Court of St. Clair county. On November 4, 1910, a trial of said cause was had in the Circuit Court and a verdict for the defendant was directed by the court, from which an appeal is prosecuted to this court.

The facts in the case are, that on about December 12, 1906, the plaintiff, Ivan Falconer, who was then a minor, purchased household goods from appellee for which he agreed to pay $326.90, in monthly installments of $17.50; the first installment being payable January 10, 1907, and the other installments on the 10th day of each succeeding month; and to secure the payment of this the appellant, Ivan S. Falconer, executed to appellee a chattel mortgage upon the goods purchased. Ivan S. Falconer became seventeen years of age on September 25, 1906. He paid from time to time, in cash and other credits, $244.90 upon the said goods. He was married on December 13, 1906, and the goods so purchased were used by him and his wife in keeping house in East St. Louis. He made default in some of the payments, and, as the record discloses, was from ninety to one hundred dollars in arrears, and the appellee instituted a suit of replevin before W. J. Flanagan, a justice of the peace, and obtained a judgment before said justice for the possession of said goods, and costs of suit. No defense was made and no appeal taken from this judgment. That after the goods had been replevied and judgment given for possession of them, the appellant instituted this suit by attachment against the appellee before a justice of the peace for two hundred dollars; judgment was rendered in favor of the appellant before said justice, from which the appellee took an appeal to the Circuit Court. The cause was tried twice in the Circuit Court, the second trial being on or about November 4, 1910. Upon this trial the court directed a verdict for the appellee, upon which judgment was rendered and the cause is brought to this court by appellant. Upon the trial of the case plaintiff proved the amount he had paid upon the household goods in question, and that at the time of the purchase he was a minor; that the goods had been replevied from him by appellee and had not been returned and

that he disaffirmed the contract of purchase. The defendant offered in evidence the transcript of the docket of W. J. Flanagan, justice of the peace, showing that the goods had been replevied by appellee on about November 6, 1909; he also offered in evidence the note and mortgage given by appellant for the goods in question, to the introduction of which note and mortgage the appellant objected. This was all of the evidence offered in the case.

Complaint is made by the appellant: first, that the court erred in the admission of the chattel mortgage and note in evidence; second, in the granting of the motion directing the jury to find the issues for the defendant; and third, in entering judgment against the plaintiff in bar of the action upon said directed verdict.

We will first notice the question made as to whether or not the court erred in directing a verdict. It seems to be the settled law that an infant is liable for the value of goods purchased by him that are necessary for his proper maintenance and support. This liability arises not out of any particular contract that may have been made between the infant and the vendor of the goods, but out of the law which permits vendors to furnish necessaries to minors and to collect from them the reasonable value of the goods so furnished, but the minor cannot bind himself by note or otherwise to pay a particular amount for such goods. It has been said by our Supreme Court, in the case of Bliss v. Perryman, 1 Scammon, page 484, 486, "An infant cannot bind himself by bond even for necessaries."

It is said by Judge Higbee in the case of Morton v. Steward, 5 Ill. App. 533: "An infant is not capable of stating an account or binding himself by note or agreement to pay a particular price or sum for necessaries. It has been repeatedly held that while the infant is responsible on a *quantum valebant* for the value of the necessaries, his note for the amount was

not binding, because this determined that amount posi-
tively, and it was necessary for the infant's effectual
protection that this should be open to inquiry." Also
see Parsons on Notes and Bills, Vol. 1, p. 68.

In regard to the right of an infant to disaffirm his
contract, our Supreme Court has said: "There is no
distinction between executed and executory contracts,
so far as the right of disaffirmance is concerned."
Wuller v. Chuse Grocery Co., 241 Ill. 398.

It seems to us, from the doctrine announced from
these and other decisions, that when a minor disaffirms
his contract, that then, so far as the contract itself is
concerned, the obligee cannot recover upon the con-
tract, but must rely upon the fact that the supplies
purchased by the infant were necessaries of life and
content himself with recovering the reasonable value
thereof.

The next question arises is, Was it a question for
the court or for the jury that was trying the case, to
determine whether or not the articles furnished were
necessaries of life? It has been said by our Supreme
Court: "There is no positive rule by means of which
it may be determined what are, and what are not
necessaries. Whether articles are of a class or kind
for which infants are liable, or whether certain sub-
jects of expenditure are necessaries, are to be judged
of by the court. Whether they come within the par-
ticular class, and are suitable to the condition and
estate of the infant, is to be determined by the jury
as matter of fact." McKanna et al. v. Merry, 61 Ill.
177.

While it may be true that a court may determine, as
a matter of law, whether or not goods of a particular
class fall within the rule of necessaries of life, yet it
is a question of fact to be determined by the jury
whether or not the particular goods furnished to the
individual infant are necessaries and suitable to his
estate and condition in life; and we think in this case

that the question as to whether or not the goods sold to the appellant were necessaries and suitable to his condition in life was a question of fact to be determined by the jury, and should have been submitted to the jury. If they were not necessaries of life and suitable to his condition and estate in life, then, although payments had been made, the appellant would be entitled to recover such payments, as it clearly appears that he was not in a position to restore such goods. Wuller v. Chuse Grocery Co.; *supra.*

It follows from what we have said, that the court erred in directing a verdict for the appellee in this case. We do not see what effect, if any, the suit of replevin and the judgment therein giving appellee possession of the goods could have upon the trial of the case, as it is immaterial how he obtained possession; the only question was, Did appellee have the possession?

As to the introduction of the note and mortgage in evidence, we think that was error, because whether they were, or were not given for necessaries, if executed by an infant, as the evidence clearly shows, then the infant had the right to disaffirm such note and mortgage, and upon such disaffirmance they would be of no validity and of no binding effect. It seems to us, in this case, that when the appellant proved his minority, at the time of the execution of the note and mortgage, and disaffirmed the contract, that he was then entitled to recover the money that he had paid, unless it was made to appear from the evidence that the goods sold were necessaries and suitable to his condition in life, and were sold to him at a reasonable value; provided other circumstances have not arisen that would change the obligation of the parties, one to the other; and we think the burden of showing this fact was upon the appellee.

For the reasons above given the court erred in not submitting the case to the jury, and the case is reversed and remanded.

*Reversed and remanded.*