John Thomas Lewellyn, a minor, by his next friend, George W. Schaefer (Plaintiff), Appellee, v. Merrill L. Hawkins et al. (Defendants), Appellants.

Gen. No. 33,227.

Opinion filed May 29, 1929.

ARTHUR H. JONES, for appellants.

R. O. BUTZ, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff's claim is brought to recover the sum of $787.69, together with interest at 8 per cent, deposited

by him with the defendants and which they have refused to pay on demand. The original deposit of November 5, 1927, was for $672.59. Additional deposits were made from time to time in small amounts until the total amount claimed had been deposited and credited to the account. Defendants in their affidavit of merits defend upon the ground that Mrs. Ottilia Lewellyn Schaefer, the mother of John Thomas Lewellyn, the plaintiff, who was a minor at the time of the transaction in question, had agreed to purchase from the trustees of the Home Builders Investment Trust, junior mortgage bonds and that the sum of $672.59, which was the original deposit credited to the account of the plaintiff, was to be applied on said purchase; that she later agreed to have this money transferred and applied on the purchase of certain beneficial interests of the Home Builders Investment Trust and that these were procured by her from the defendants and the sum of $672.59, credited upon said transaction; that the $672.59 was, in fact, the money of Otillia Schaefer and not the money of plaintiff. The cause was tried before the court without a jury and a finding entered in favor of the plaintiff for the sum of $861.28, being the amount of the deposits, together with interest, and judgment entered upon the finding.

From the facts it appears that the mother of the plaintiff made the deposits in question and received a book labeled Home Builders Investment Trust, and the deposits appear in said book under the name of John Thomas Lewellyn. Certain subsequent agreements were introduced in evidence on behalf of the defendants for the purpose of showing that Mrs. Schaefer entered into certain subsequent undertakings with them in which she undertook to purchase $5,000 worth of bonds belonging to the trustee of the Home Builders Investment Trust. As part of her agreement with the defendants, after the payment for said bonds,

they were to build for her a single dwelling or two-flat building, not to exceed a certain amount specified in the agreement and the value of which was to bear a certain proportion to the amount of the bonds so purchased.

It is urged as grounds for reversal that the evidence does not support the finding and judgment of the trial court; that there is no proof that the plaintiff was an infant at the time of the transaction in question and that the evidence shows that the money of the plaintiff was paid to the Guardian Finance Corporation.

As to the first of these propositions, we find that there is ample and sufficient evidence upon which the trial court could predicate its finding that the money had been paid to the defendants and credited to plaintiff upon their books and records. As to the proposition that there is no proof that the plaintiff is a minor, the defendants in their answer expressly state that the said plaintiff was a minor at the time that the mother, Mrs. Ottilia Lewellyn Schaefer, made and executed her contract for the beneficial interests of the Home Builders Investment Trust. Moreover, it appears from defendants' exhibit 4, introduced in evidence by the defendants and procured from their own records, that such was the fact. This exhibit introduced by the defendants for the purpose of showing the agreement under which Ottilia Lewellyn Schaefer undertook to procure the beneficial interest in the Home Builders Investment Trust contains the signature of "John Thomas Lewellyn (minor)." This instrument, bearing the signature of the plaintiff in question, is evidence from which the court could find that the said John Thomas Lewellyn was, on the date of said instrument, a minor.

There is no testimony of any kind in the record showing that such is not the fact. A minor need not wait until his majority to disaffirm contracts concerning

personal property, and executory agreements may be voided by an infant either during or after his minority. *Wuller v. Chuse Grocery Co.*, 241 Ill. 398.

There is no force in the contention that the evidence shows that the money was paid to the Guardian Finance Corporation, as it appears from defendants' exhibit 3, that the Guardian Finance Corporation is the agent of the Home Builders Investment Trust.

The witness Hegar, called by the defendants for the purpose of identifying the various instruments, upon which the defendants relied as a defense and which were offered by them in evidence, stated that he was employed by the Home Builders Investment Trust and had been for seven years and had charge of the various contracts and agreements. This witness further testified that he made the original entry upon the books of the defendants, crediting this account with the initial payment of $672.59, under the name of John Thomas Lewellyn.

The plaintiff, a minor, had a right to disaffirm the agreement, if any made, by which the mother agreed that this deposit was to be applied on the purchase of bonds and to recover back the money so deposited in his name. The mother testified it was the money of the boy. The records of the defendants so designated it.

For the reasons stated in this opinion, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HOLDOM, P. J., and RYNER, J., concur.