Raymond Defenbaugh, a Minor, by His Father and Next Friend, Charles Defenbaugh, Plaintiff-Appellant, v. Streator Canning Company, a Corporation, Defendant-Appellee.

Gen. No. 66–25.

Third District.

March 10, 1967.

Rehearing denied April 7, 1967.

Thomson, Thomson & Mirza, of Bloomington (Jerome Mirza, of counsel), for appellant.

Adsit, Thompson, Strock & Strong, of Pontiac, Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, and Robson, Masters, Ryan & Belom, Gray, Thomas, Wallace & O'Brien, and Murphy, Timm & Lennon, all of Joliet, for appellee.

ALLOY, J.

The action from which this appeal is taken was originated as a complaint in several counts and as against four different defendants including defendant-appellee, Streator Canning Company, a Corporation. The complaint alleges that plaintiff, Raymond Defenbaugh, on or about August 15, 1963, while performing certain duties on a farm owned by Walter Lenz, one of the defendants, was instructed by Donald Wulzen, another of the defendants, to pick corn upon the Lenz farm through use of a tractor and corn picker; that the corn picker contained a mechanically controlled hydraulic boom which upon operation was raised from the ground in a perpendicular direction; and that in operating the corn picker plaintiff was injured when the corn picker struck high voltage wires overhead. The utility company, Public Service Company, was also made a defendant in such action.

In Count II of the complaint, plaintiff seeks to impose liability on defendant Streator Canning Company. It is alleged in such Count that defendant Wulzen was, at the time, an employee of Streator Canning Company, and acting within the scope of his employment, but affirmatively asserts that plaintiff was an employee of defendant Donald Wulzen in performing certain duties upon the farm referred to. The defendant denied all the allegations of this Count of the complaint. In other counts referring to Streator Canning Company, Streator Canning Company was alleged to be a negligent employer of plaintiff rather than defendant Wulzen. As to such counts, defendant Streator Canning Company filed a demand for a bill of particulars as to how, when and where plaintiff was an employee of defendant Streator Canning Company. Plaintiff's answer was that plaintiff was paid by said defendant, and at its direction and control and with its machinery he was harvesting corn at the time of the accident. Defendant Streator Canning Company

also alleged affirmatively that it maintained workmen's compensation insurance at the time of the accident and that plaintiff had no common law or statutory right of action against it. Plaintiff responded that he had no knowledge of the existence of the insurance policy and also alleged that defendant Streator Canning Company had failed to comply with section 6 of the Workmen's Compensation Act (1965 Ill Rev Stats, c 48, § 138.- 6). It was disclosed through a subsequent demand for a bill of particulars and answer thereto, that plaintiff contended that Streator Canning Company had failed to post notice of workmen's compensation coverage in accordance with rules and regulations of the Industrial Commission. Defendant Streator Canning Company filed a further answer in which it alleged that it had in fact posted notices in accordance with such rules and regulations.

Thereafter, defendant Streator Canning Company made a motion to dismiss the complaint as amended, asserting that the allegation of employment contained in Count VI of the complaint constituted an admission that plaintiff was an employee of Streator Canning Company and that the Workmen's Compensation Act, therefore, barred any common law or statutory right of action against it. The Circuit Court of Will County, on September 27, 1965, ordered that the complaint, as amended, be dismissed stating that the parties were operating under the Workmen's Compensation Act and that no common law or statutory right of action, therefore, existed as against Streator Canning Company. This order simply provided: "It is ordered that plaintiff's complaint as amended as against defendant Streator Canning Company, a Corporation, is dismissed."

On February 14, 1966, plaintiff filed a motion to vacate the order of September 27, 1965, asserting that an issue of fact existed with respect to coverage of the parties under the Workmen's Compensation Act; that the

allegation of employment in Count VI did not affect the cause of action stated in Count II; and that Count II and Count VI were separate causes of action and alternative pleadings. It was also requested that the Court permit plaintiff to amend Count VI to strike out the word "employed" and substitute therefor the word "instructed" so that there would be no allegation of employment of plaintiff by Streator Canning Company as employer. The Court denied such motion to vacate on February 25, 1966, and found further that there was no reason to further delay the enforcement of or appeal from this order and ordered that the plaintiff take nothing by his suit against the defendant-appellee. It was indicated that the reason for delay in filing the motion to vacate arose from the fact that no information or knowledge was communicated to plaintiff's counsel of the entry of the original order dismissing the complaint, until shortly before the motion to vacate was filed.

There has also been filed in this Court, a motion under section 92(c) of the Illinois Civil Practice Act (1965 Ill Rev Stats, c 110, § 92(c)), for entry of an order adding to the record, which motion was taken with the case for consideration. Since the record on appeal has been certified as correct by the trial judge prior to the making of this motion and the exhibits referred to were not part of the record in the trial court and would not be determinative in any manner as to whether the trial court action should be sustained or reversed, we find no reason or basis for allowing such motion.

On appeal in this case, defendant contends that plaintiff was not entitled to the relief requested in the motion to vacate, first, on the ground that it did not comply with section 72 of the Civil Practice Act (1965 Ill Rev Stats, c 110, § 72). Defendant also contends that the Circuit Court properly dismissed the amended complaint against Streator Canning Company because it was barred by the Workmen's Compensation Act on the specific

points that (1) that no issues of fact were presented by the pleadings since the defendant conclusively demonstrated that it had insured whatever liability it had to plaintiff under the Workmen's Compensation Act, and (2) that the failure to post notice of workmen's compensation coverage, even if such omission was a fact, would not eliminate the bar of the Workmen's Compensation Act to the common-law action instituted by plaintiff.

Plaintiff, however, makes clear that the motion to vacate and the appeal were not intended as actions under section 72 for post-judgment form of relief, but that the procedure in this appeal was an orderly attempt to obtain relief from the trial court's order of February 25, 1966. Plaintiff also contends the allegation of employment and its admission by defendant was not a binding judicial admission for all purposes since under section 43(2) of the Civil Practice Act (1965 Ill Rev Stats, ch 110, § 43(2)) and the precedents in this State, inconsistent and alternative pleadings are permitted and allegations in such pleadings do not constitute judicial admissions.

We have noted that the order allowing the motion to dismiss was not a final order as determined by a number of cases decided in this State (Cook County v. Hoytt, 41 Ill App2d 122, 190 NE2d 150; Ariola v. Nigro, 13 Ill 2d 200, 148 NE2d 787). The order of September 27, 1965, did not contain any words indicating that it was a final order and it was not until the order of February 25, 1966, that words indicating a final order contained the expression that there was no just reason for delaying enforcement or appeal or that plaintiff take nothing by his action. Rule 304 of the Illinois Supreme Court Rules, effective January 1, 1967, codified the applicable rule which was based on the provisions of section 50, Paragraph 2, of the Illinois Civil Practice Act (1965 Ill Rev Stats, c 110, § 50(2)). The new rule specifically

provides that time for filing notice of appeal would run from the time of entry of a finding by the trial court that there is no just reason for delaying enforcement or appeal where a judgment is entered as to one or more, but fewer than all of the parties or claims asserted in the trial court. In the cause before us, neither order at any time sought to affect any of the other parties to the action. As a consequence, the appeal was undertaken in timely and appropriate fashion and is being properly considered in this Court. We are aware of the case of Peach v. Peach, 73 Ill App2d 72, 218 NE2d 504, but such precedent does not apply in the instant case since the court action there was based on a determination by the court that the proof actually received in the case during its trial indicated that the statute of limitations did in fact apply. Similarly, in the instant case, if the actual trial discloses that plaintiff was in fact an employee of defendant Streator Canning Company, and if there was no further reason why the Workmen's Compensation Act should not apply to plaintiff under the record as actually made in the cause, then action similar to that undertaken in the Peach case would be justified.

 We have noted that Count II of the complaint sets forth a theoretical cause of action. It is an inconsistent and alternative pleading to other counts in the complaint. Such method of pleading is justified under the Civil Practice Act (1965 Ill Rev Stats, c 110, § 43 (2); Nystrom v. Bub, 36 Ill App2d 333, 348, 184 NE2d 273; Johnson v. Illini Mut. Ins. Co., 18 Ill App2d 211, 217, 151 NE2d 634; McCormick v. Kopmann, 23 Ill App 2d 189, 203, 161 NE2d 720). Under the terms of the Civil Practice Act and the precedents in this State, there would be no judicial admission which would be binding on plaintiff by reason of the alternative allegation of employment as contained in other counts since Count II is not predicated on the theory of employment by Streator Canning Company. It is obvious that Streator Can-

429

ning Company had elected to come within the provisions of the Act by insuring its liability with the workmen's compensation carrier (1963 Ill Rev Stats, c 48, § 138.-2). Plaintiff admits that defendant had thus voluntarily insured its liability and asserts only that a failure to post notice would operate to vitiate such coverage. The policy of this State has been to maintain workmen's compensation coverage even as to questionable employees where agricultural work is undertaken if there is an election to accept the provisions of the Act by the employer by obtaining an insurance policy to protect the employer from workmen's compensation claims (Calvert v. Illinois Power & Light Corp., 291 Ill App 243, 9 NE2d 443). The fact that notices of coverage under the Workmen's Compensation Act were not posted in accordance with section 6 of the Workmen's Compensation Act would not operate to terminate such coverage whether asserted by defendant as an avenue of escape or by a plaintiff in the maintenance of a common-law action. The provision for posting of notices is nowhere made a condition of coverage. The employer's status would not change simply because he failed to perform this act of posting notice or failed to support accidents as required by section 6 or to furnish medical treatment in accordance with the provisions of section 4. The violation of such provisions are obviously not the basis for terminating liability under the Workmen's Compensation Act. The only penalty specified for such failure is the provision that such omission constitutes a misdemeanor punishable by a fine in the discretion of the court (1963 Ill Rev Stats, c 48, § 138.26). If Count VI alone were being considered, then the action of the court, on the record before us, would have been justified.

It is notable, likewise, that there was no motion for summary judgment but that the motion was simply made to dismiss the complaint and the counts thereof as to

430

defendant Streator Canning Company. No basis appears in the record which would justify the dismissal of the complaint as to Count II. As we have indicated, it may develop in the trial of the cause that plaintiff was in fact the employee of the Streator Canning Company and that the Workmen's Compensation Act does apply. This, however, cannot be determined conclusively on the basis of the pleadings and procedures thus far undertaken in the trial court, and a dismissal of Streator Canning Company was not justified. The Circuit Court, therefore, erred in entering the order of February 25, 1966, in denying the motion to vacate heretofore referred to.

This cause will, therefore, be reversed and remanded to the Circuit Court of Will County with directions to allow the motion to vacate herein referred to and to proceed in this cause in accordance with the views expressed in this opinion.

Reversed and remanded.

STOUDER, P. J. and CORYN, J., concur.