*In re* Estate of T. MARVIN PRUETT, Deceased—(CLYDE NIERNBERGER, Assignee of T. W. Oil Company, Claimant-Appellee, *v.* MAUDIE MARLENE PRUETT, Exr. of the Estate of T. Marvin Pruett, Deceased, Respondent-Appellant.)

(No. 70-7; )

Fifth District—April 28, 1971.

Murray & Stephens, of Centralia, (George C. Lackey, of counsel,) for appellant.

Wham & Wham, of Centralia, (Robert H. Rath, of counsel,) for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Maudie Marlene Pruett, executor of the estate of T. Marvin Pruett, hereinafter referred to as the executor, appeals from the entry of a summary judgment in the Circuit Court of Marion County allowing a claim of $11,390.00 against the estate in favor of Clyde Niernberger, assignee of T & W Oil Company, hereinafter referred to as claimant. Claimant cross appeals from an order denying his motion to dismiss the appeal of the executor for failure to file a timely notice of appeal.

The claim filed by claimant is for amounts allegedly owed to claimant's assignor by decedent arising out of the repossession and sale of a unit drilling rig under a conditional sale contract. The claim was filed against the estate by claimant on August 29, 1967 for $13,390.00 and was numbered 67—P—2. On December 26, 1968 claimant filed an action in the circuit court in the nature of a bill in equity numbered 68-281 against Maudie Marlene Pruett, both individually and as executor of the last will and testament of T. Marvin Pruett, alleging that claimant believed that

the assets of the estate were not sufficient to discharge its liabiliies and that certain transfers of money or property into joint tenancy with the executor were made in fraud of claimant and praying that the executor account for the proceeds of the sale of the drilling rig and that the court declare all property conveyed for inadequate consideration by decedent be held in trust for the benefit of claimant pending a determination of the equitable ownership thereof.

On February 6, 1969, pursuant to executor's motion to dismiss Case No. 68-281, the court denied the motion and included the following:

"* * * and the Court further finds and decides on its own motion that this cause should be changed to number 67—P—2 in the Office of the Circuit Clerk for Marion County, Illinois, and that the Clerk should be ordered to replace the file in this cause in the file numbered 67—P—2; * * * WHEREFORE, it is hereby ordered, * * * and the cause is hereby ordered to be changed to Marion County Circuit Court number 67—P—2 and the Circuit Clerk of Marion County is hereby ordered to replace the file in this cause in the proper file."

The form and substance of all subsequent proceedings and filings indicate that the court and both parties treated this order as an order of consolidation and we must therefore do the same. On May 28, 1969 on motion of the executor the issues in the claim against the estate were ordered to be tried separately from the issues raised by the claim in equity. Claimant's motion for a summary judgment on the claim against the estate, which was supported by answers to interrogatories and claimant's notice to admit facts propounded with respect to both claims, was allowed for $11,390.00 on October 15, 1969. On October 30, 1969 the court entered an order finding there was no just reason for delaying enforcement or appeal of the summary judgment entered October 15. The executor filed a notice of appeal on November 24, 1969, more than thirty days after October 15, but within thirty days of October 30. Claimant filed a motion to dismiss the appeal for failure to file a timely notice of appeal, which was denied and claimant cross appealed. The record discloses no disposition of the issues raised by the bill in equity.

Supreme Court Rule 304 (Ill. Rev. Stat. 1969, ch. 110A, sec. 304) provides:

"Appeals from Final Judgments That Do Not Dispose of an Entire Proceeding.

(a) Judgments As to Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a

final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

The executor contends that this action involves multiple claims for relief because it includes both the claim against the estate and the suit in the nature of a bill in equity led by claimant against Maudie Marlene Pruett, both individually and as executor of the last will and testament of T. Marvin Pruett, to set aside alleged fraudulent conveyances in relation to the same subject matter. Since the order of October 15 did not dispose of all of the claims for relief, the judgment was not appealable in the absence of an express written finding that there was no just reason for delaying enforcement or appeal. Consequently, the judgment became appealable only after the entry of the court to that effect on October 30, and the filing of a notice of appeal on November 24 was within thirty days of October 30 and therefore timely.

Claimant contends that the allowance of a claim against an estate is a final and appealable order without the special finding. Rule 304 was amended effective January 1, 1970 as follows:

"(b) *Judgments and orders appealable without special finding.* The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:

(1) A judgment or order entered in the administration of an estate, guardianship, conservatorship, or similar proceedings which finally determines the right or status of a party."

The Committee Comments to that section state:

"This paragraph is intended to be declaratory of existing law and, in other instances, to remove any doubt or room for argument as to whether the finding provided for in paragraph (a) may be necessary. It is not the intention of the Committee to eliminate or restrict appeals from judgments or orders heretofore appealable.

Subparagraph (1) applies to orders that are final in character although entered in comprehensive proceedings that include other

matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or *allowing or disallowing a claim.*" (Emphasis added.)

Claimant contends that by virtue of this authority the summary judgment was appealable from the date of its entry on October 15, 1969. We would agree but for the fact that in the same action in which the claim was filed and which is on appeal, there are additional claims for equitable relief concerning the same subject matter which have not yet been adjudicated. It is clear that the judgment entered on October 15 was for fewer than all of the claims for relief sought by claimant. Rule 304 (b) (1) would apply where the judgment *finally determines* the right or status of the claimant, where there may be remaining claims by other parties filed in the same comprehensive proceeding. Adoption of claimant's position would militate against the purpose of Rule 304 which is to prevent piecemeal appeals where more than one claim for relief is involved and fewer than those claims are adjudicated. We do not believe that 304 (b) (1) and the pre-existing law requires a different result where a single claimant against an estate has filed more than one claim for relief regarding the subject matter of his claim and fewer than all of those claims have been adjudicated. Since the right or status of claimant has not been finally determined as to this claim, the summary judgment of October 15 was not appealable until October 30 when the court entered an order finding there was no just reason for delaying enforcement or appeal of that judgment. Therefore, the filing of notice of appeal on November 24 was timely and the trial court properly denied claimant's motion to dismiss the appeal.

Claimant has not responded to the issues raised by the executor on the merits of the appeal from the summary judgment in this case. In our discretion we could reverse the judgment and remand this case to the circuit court without consideration of the merits of those issues. (Supreme Court Rule 341 (e) (7) and (f); *Matyskiel v. Bernat,* 85 Ill.App.2d 175.) However, we have examined the record and the points raised by the executor in her brief and in our opinion there are substantial questions as to claimant's right to summary judgment. Therefore, we reverse the judgment and remand this case to the Circuit Court of Marion County for trial on the merits.

Reversed and remanded.

JONES and EBERSPACHER, JJ., concur.