TERRACE COMPANY, Plaintiff-Appellee, *v.* MARILYN CALHOUN, Defendant-Appellant and Third-Party Plaintiff.—(MAGGIE NORMAN, Defendant and Third-Party Plaintiff; L. C. WESLEY, d/b/a L. C. Wesley Funeral Home, *et al.*, Third-Party Defendant.)

First District (3rd Division)   Nos. 60748, 61053 cons.

Opinion filed April 1, 1976.

Gordon Waldron, of Mandel Legal Aid Clinic, of Chicago, for appellant.

Lewis W. Schlifkin and Edward A. Berman, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Terrace Company, on August 19, 1968, recovered a judgment by confession against defendant Marilyn Calhoun and her mother, Maggie L. Norman. Defendant and her mother filed a motion to open the judgment by confession which motion was granted as to defendant and denied as to her mother. Thereafter, defendant and her mother filed a third-party complaint against L. C. Wesley, plaintiff's assignor of the judgment note. Following a trial without a jury the court entered judgment in favor of plaintiff and against defendant which restored the judgment by confession as to the defendant. Upon motion of plaintiff the trial court dismissed defendant's appeal from the judgment. Defendant then appealed from the order of dismissal. The appeals have been consolidated. The issues presented are whether the trial court erred in dismissing defendant's appeal from the judgment as not timely; and whether defendant effectively disaffirmed her contract as a minor within a reasonable time after obtaining majority.

The material facts are not in dispute. Defendant's mother and father were divorced. On the evening of December 27, 1967, defendant's mother, her father's cousin and L. C. Wesley came to the apartment where defendant was babysitting; defendant was then 13 years of age. Wesley told her that her father had been found dead, that his body was decomposing, and in order to pick up the body her signature was needed on certain documents. Defendant signed the documents in the presence of her mother and her father's cousin while Wesley covered the written portion with his hand. No one advised defendant that the documents were in fact a confession note in the amount of $1,944.72 and an assignment of $1,944.72 of her beneficial interest in an insurance policy on her father's life. The next day Wesley assigned the confession note and his interest as assignee in the life insurance to plaintiff Terrace Company.

On August 19, 1968, almost 8 months later, when defendant was 14 years of age, plaintiff filed a complaint to confess judgment on the note against defendant and her mother and also filed a military affidavit stating that defendant was a minor. Attached to the complaint was the note, together with the assignment of insurance and plaintiff's canceled check made payable to Wesley in the amount of $1,799.14. Judgment by confession was entered on the day the complaint was filed, August 19, 1968, for $2,231.62. A writ of execution issued and was returned, served upon defendant and her mother by leaving a copy with Clyde Norman (Maggie Norman's husband), as a member of the household, on September 16, 1968. The writ was subsequently returned "no property found."

Defendant attained majority on July 7, 1972. A year later, on July 6, 1973, a prospective employer informed her that her credit record was impaired. She made further inquiry, then first learned of the judgment by confession. Approximately two months later, on September 13, 1973, defendant and her mother filed motions to open the judgment. The motion of the mother was denied but defendant's motion to open the judgment was granted. Following a trial, the issues were found in favor of plaintiff, and the judgment by confession against defendant in the amount of $2,231.62 was restored. On April 17, 1974, defendant's motion to vacate the judgment was denied, but her motion to modify the judgment to $1,781.62 was granted.

On May 13, 1974, defendant filed a motion pursuant to Rule 304(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 304(a)) for a finding that there was no just reason for delaying enforcement or appeal of the March 18, 1974, judgment as modified by the April 17, 1974, order which also denied her motion to vacate the judgment. The trial court entered the finding on May 13, 1974. On June 6, 1974, defendant filed a notice of appeal from the judgment by confession entered against her on August 19, 1968, the judgment of March 18, 1974, as modified, and from the order denying her motion to vacate the March 18 judgment. On August 7, 1974, plaintiff's motion to dismiss defendant's appeal was granted by the trial court. On August 28, 1974, defendant filed a notice of appeal from the order of dismissal. The appeals are consolidated.

First, plaintiff contends that all action involving defendant was final on April 17, 1974, and that therefore, defendant's notice of appeal filed on June 6, 1974, was not timely since more than 30 days had elapsed since the entry of the order on April 17, 1974, from which the appeal is taken. Supreme Court Rule 304, subsection (a) provides:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights and liabilities of all the parties."
(Ill. Rev. Stat. 1973, ch. 110A, par. 304(a).)

The proceedings from which the instant appeal is taken were brought by

plaintiff against defendant and her mother. All parties were given leave to file third-party claims against Wesley. Although the only third-party complaint included in the common-law record is that filed by defendant and her mother against Wesley on November 2, 1973, in defendant's statement of facts in her brief on appeal she states that plaintiff and both defendants filed third-party claims against Wesley. In its brief on appeal plaintiff agrees that defendant's statement of facts is essentially correct and does not refute the statement that plaintiff also filed a third-party claim against Wesley. Prosecution of the third-party action was thereafter enjoined by the Federal Bankruptcy Court, and defendant's claim was still pending when the judgment appealed from was entered on April 17, 1974. There is nothing in the record to indicate that these claims by defendant and her mother have been abandoned, as suggested by plaintiff.

■■ On May 13, 1974, the trial court, on motion of defendant, entered a finding that there is no just reason for delaying enforcement or appeal. Rule 304(a) clearly provides that such a finding may be made after the entry of the judgment, and further, that the time for filing the notice of appeal shall run from the entry of the required finding. Therefore, the April 17, 1974, judgment against defendant was appealable only after the required finding was entered, and defendant's notice of appeal, filed within 30 days of the entry of the required finding, was timely. *In re Estate of Pruett* (1971), 133 Ill. App. 2d 499, 269 N.E.2d 356; *Defenbaugh v. Streator Canning Co.* (1967), 80 Ill. App. 2d 423, 224 N.E.2d 487.

Defendant next contends that the trial court erred in entering the order on August 7, 1974, which granted plaintiff's motion to dismiss defendant's initial appeal. Supreme Court Rule 309 provides that a trial court may dismiss on appeal on motion of appellee "if 35 days have passed after the expiration of the original or extended time to file the record in the reviewing court and no motion for extension of time has been filed in that court." Further, Supreme Court Rule 326 allows appellant 63 days after the filing of the notice of appeal in which to file the record on appeal. (Ill. Rev. Stat. 1973, ch. 110A, pars. 309 and 326.) In the instant case, defendant filed the notice of appeal on June 6, 1974. The 63-day period for filing the record was to have expired on August 9, 1974; therefore, the trial court would have had authority to dismiss the appeal on appellee's motion only if a further 35 days had passed, if no extensions were allowed. The trial court acted prematurely and was without authority on August 7, 1974, to dismiss defendant's appeal.

Finally, defendant contends that she was a minor when she signed the note and assignment of insurance and that she disaffirmed these instruments within a reasonable time after reaching her majority. Defendant, then 13 years old, in order to secure payment of the note

which was payable on demand, "authorized" irrevocably any attorney of record to appear on her behalf and confess judgment against her without process for the unpaid balance, together with costs and reasonable attorney fees. However, it has been held that whereas a note or contract of a minor may be voidable, his power of attorney to confess judgment is void. (*Handley v. Wilson* (1926), 242 Ill. App. 66; *Perelson v. Podolsky* (1915), 191 Ill. App. 589.) A judgment entered thereon is wholly void since "[t]he court was as much without jurisdiction of the person of the alleged debtor as in the ordinary case where there is no service of process. * * * As distinguished from the warrant of attorney, the contract of purchase was voidable." *Fuqua v. Sholem* (1895), 60 Ill. App. 140, 141.

■■ We also note that no guardian *ad litem* or other representative had been appointed to represent defendant when the confession of judgment was entered on August 19, 1968, at a time when plaintiff filed an affidavit that it knew defendant was a minor. A minor can appear to defend a lawsuit only by a guardian *ad litem*, and not in person or through an attorney. (*Joseph A. Thorsen Realtors v. Werner* (1975), 28 Ill. App. 3d 670, 329 N.E.2d 365 (abstract opinion); *Peak v. Shasted* (1859), 21 Ill. 137, 74 A.D. 83.) Neither a default nor a judgment for want of an answer may be taken against a minor without a guardian *ad litem* having first been appointed to represent him and without proof in court of the allegations in the complaint. (*Enos v. Capps* (1850), 12 Ill. 255.) Notwithstanding these observations, defendant asserted at trial the affirmative defense that she was a minor at the time she signed the note and assignment and that she now disaffirms those instruments.

■■ The promissory note of a minor is voidable, not void, and may be ratified upon majority, as are contracts in general. (*Morton v. Steward* (1879), 5 Ill. App. 533.) A note or contract may then be expressly ratified if the minor fails to repudiate the instrument within a reasonable time after reaching majority. (*Swiney v. Womack* (1931), 343 Ill. 278, 175 N.E. 419.) These rules have been applied to both negotiable and nonnegotiable promissory notes, whether issued or accepted by minors. (*Wright v. Buchanan* (1919), 287 Ill. 468, 123 N.E. 53.) What constitutes a reasonable time in which to disaffirm has been held to be a period not in excess of that prescribed by the statute of limitations for bringing action after the removal of a disability. (*Mourant v. Pullman Trust & Savings Bank* (1942), 314 Ill. App. 567, 41 N.E.2d 1007 (abstract opinion); *Wright v. Buchanan*). However, more recent case law indicates that what constitutes a reasonable time is a question of fact to be determined by the circumstances of a particular case. *Shepherd v. Shepherd* (1951), 408 Ill. 364, 97 N.E.2d 273.

In the instant case, the facts indicate that defendant was not advised of the nature and effect of the confession note and assignment of insurance

benefits when she signed the documents at the age of 13. It is not disputed that she first learned of the judgment by confession on July 6, 1973, when she was 19 years old, and that 2 months thereafter she filed a motion to open the judgment. We find that under these circumstances defendant disaffirmed the note and assignment within a reasonable time after attaining her majority. The defense of minority thus established by defendant is effective whether plaintiff is deemed a holder or a holder in due course of a negotiable instrument. See Ill. Rev. Stat. 1973, ch. 26, pars. 3—305 and 3—306.

Plaintiff, however, further argues that as a condition precedent to disaffirmance, defendant must first return to plaintiff the merchandise or insurance proceeds in her control or possession. A minor cannot retain what he still has of what he received and at the same time recover what he has parted with under the contract. (*General Motors Acceptance Corp. v. Vaughn* (1934), 358 Ill. 541, 193 N.E. 483.) While a minor is under an obligation to make restitution upon disaffirmance, if he no longer has the consideration, he need not return it. (*Perelson v. Podolsky; Wuller v. Chuse Grocery Co.* (1909), 241 Ill. 398, 89 N.E. 796.) The promissory note in the instant case states that it was given as payment for the funeral of defendant's father, and the assignment of insurance benefits similarly states that consideration for the assignment was a funeral service conducted by plaintiff in the burial of defendant's father. What plaintiff is asking defendant to return is a funeral service, an intangible which is incapable of being returned. Therefore, restitution is clearly not required under the circumstances.

In view of our holding that defendant has effectively interposed the defense of minority against plaintiff's claim, it is not necessary to consider the additional argument as to misrepresentation in the execution of the documents. Accordingly, the order entered on April 17, 1974, by the circuit court of Cook County, dismissing defendant's appeal, is vacated; the judgment entered against defendant, as restored and modified, is reversed.

Order vacated; judgment reversed.

DEMPSEY and McNAMARA, JJ., concur.