Robert Calvo, Jr., by Blanche Calvo, His Mother and Next Friend, Plaintiff-Appellant, v. Lawrence R. Willson, Defendant-Appellee.

Gen. No. 64–84.

Second District.

May 14, 1965.

Rehearing denied June 8, 1965.

Allen S. Greene, of Wheaton, for appellant.

Rathje, Woodward & Dyer Associates, of Wheaton (Alfred E. Woodward and S. Louis Rathje, of counsel), for appellee.

ALLOY, P. J.

The cause before us originated in the Circuit Court of DuPage County as a result of an action brought by Robert Calvo, Jr., a minor, by Blanche Calvo, his mother and next friend, to recover damages for personal injuries occasioned by negligence of the defendant Lawrence R. Willson in driving his automobile. The defendant was defaulted for his failure to appear, and, after an ex parte hearing, judgment was entered in favor of plaintiff for $45,000. The judgment and order of default were vacated by the trial court pursuant to section 72 of the Civil Practice Act (Ill Revised Statutes 1963, c 110, § 72). On appeal to this court, plaintiff contends that the order vacating the judgment and setting aside the default was improperly granted under section 72 on the basis that the affidavits on which the relief was granted failed to excuse defendant's neglect to file an answer.

As shown by the pleadings in this cause, plaintiff was struck by the automobile being driven by defendant on the evening of December 31, 1962, at 7:30 p. m. Plaintiff was 7 years old and contended in his complaint that he suffered severe and permanent injuries and prayed judgment in the sum of $52,000. At the time of the accident, the automobile driven by defendant was covered by a liability policy issued by Economy Fire & Casualty Company. Before the suit

was filed, investigation of the accident resulted in plaintiff's attorney becoming aware of the fact that Economy had insurance coverage and that Economy ascertained that plaintiff had employed an attorney. On March 29, 1963, the suit was filed on behalf of plaintiff by his mother and next friend and service was had on the defendant on April 10, 1963. The defendant delivered the summons and complaint to his insurance agent who transmitted the complaint and summons to the insurance company. On April 16, 1963, the insurance company claim manager phoned the attorney for plaintiff who advised him that the plaintiff's medical expenses at the time were over $3,000 not including the bills of two doctors which had not been received; that plaintiff is paralyzed on the right side; had a head wound which was still draining; had sustained multiple fractures of the left leg which was still in a cast; would require considerable physio-therapy; would miss an entire year from school; and that it was then impossible to ascertain whether or not the accident had affected the plaintiff's mentality. The attorney further advised that he would obtain "interim" medical reports and bills of certain doctors; that he would send various items of special damages to the insurance company claim manager as soon as possible; and that he was thinking in terms of the policy limits and was in the process of drawing interrogatories to ascertain said limits. The insurance company claim manager stated that he was willing to discuss settlement on the basis of the injuries and liability but that the case was not one involving policy limits and that plaintiff's attorney should contact certain attorneys whom he named located in Wheaton, Illinois, as soon as the medical reports from the doctors were available in order that a settlement conference could be arranged before taking further action in the case. The attor-

ney for plaintiff denies that the manager advised him that such attorneys would be representing defendant but states that the insurance company claim manager stated that an answer would be filed by "house counsel," although the attorney stated that the claim manager requested a settlement conference when all bills and medical reports were obtained.

On April 17, 1963, the claims manager forwarded the complaint and summons to the Wheaton attorneys together with a memorandum of the phone conversation referred to. The attorneys acknowledged receipt of the complaint and summons and stated that an answer would be filed for defendant by the return day. Shortly thereafter an attorney from the firm representing the insurance company in Wheaton, Illinois, stated in his affidavit that he told plaintiff's attorney he had interviewed the investigating police officers concerning the accident and had ascertained that plaintiff's attorney had already interviewed these officers. The return day fixed in the summons was Friday, May 10, 1963. No answer was filed on such date. On the following Monday, May 13, 1963, the plaintiff's attorney noted that no answer or appearance had been filed for defendant and immediately conferred with his client, the mother and next friend of plaintiff, and so advised her and had an order of default entered as against the defendant. Two days later an ex parte hearing was had, which resulted in the entry of a judgment in the sum of $45,000 as against defendant. On July 30, 1963, Plaintiff's attorney caused an execution to be issued by the clerk of the Circuit Court. Four days later, on August 3, 1963, one of the attorneys representing the insurance company defending the case inquired of plaintiff's attorney concerning the progress of the case but plaintiff's attorney made no answer to this inquiry. Execution was served on defendant on August 22, 1963, and

defendant immediately advised the insurance company which in turn contacted the Wheaton attorneys.

On September 13, 1963, the defendant filed a motion to vacate the judgment and set aside the default entered against him which motion was amended on October 25, 1963. On May 4, 1964, the same Judge who had entered the judgment order, caused it to be vacated and set aside and recited in his order so doing that the court had examined the pleadings, the affidavits and counteraffidavits and found that the material allegations contained in the motion and affidavits attached thereto have been proven and that the errors in fact were committed in this cause.

Plaintiff's counsel, on appeal in this court, contends that relief under section 72 of the Civil Practice Act referred to is not available unless the defendant shows the existence of a valid defense was not made to appear to the court through no fault or negligence of his own; that the failure of the defendant to answer was inexcusable and not occasioned by any misconduct on the part of the infant's attorney; that neither the next friend nor her attorney could waive or stipulate by conduct or otherwise the requirement for defendant to answer or otherwise plead and that the fact that the case involved was not on the trial calendar prepared by the Circuit Clerk semi-monthly was no excuse since the case did not qualify for inclusion on such mimeographed trial calendar under the rules. In substance, what plaintiff contends is that the affidavits on which the court granted the relief did not in fact justify relief under section 72 of the Civil Practice Act.

In the case before us we are dealing with a minor who was severely injured. The circumstance, however, that plaintiff is a minor and the nature of the injuries does not affect the standards of conduct for attorneys in the case or the question of determining

whether relief under section 72 of the Civil Practice Act was properly granted by the Trial Court. A failure to answer, unaccompanied by any other of the circumstances which are present in the case before us based upon the fact that the case did not appear upon the jury trial calendar, would not in itself justify setting aside the judgment.

 In all such cases where a motion is to be considered to set aside the judgment and to vacate an order of default, the Trial Court is required to examine into all the facts presented and to determine therefrom whether defendant has a meritorious defense and a reasonable excuse for not having made the defense in due time (Dann v. Gumbiner, 29 Ill App2d 374, 379, 173 NE2d 525; Boyle v. Veterans Hauling Line, 29 Ill App2d 235, 248, 172 NE2d 512). Consideration of the motion such as was before the Trial Court under section 72 of the Civil Practice Act in fact invokes the equitable powers of the court as justice and fairness require (Ellman v. DeRuiter, 412 Ill 285, 292, 106 NE2d 350; 1963 Illinois Revised Statutes, chapter 110, section 72, Joint Committee Comments). The motion is, therefore, basically addressed to the sound discretion of the Trial Court and the basic issue on review is whether the Trial Court's determination constituted abuse of such discretion. In Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, the Supreme Court of this State in considering the section stated at page 613, that the court would act if the plaintiff would gain an unconscionable advantage unless the default judgment is vacated. It appeared in the Elfman case that an unfair advantage was worked upon the defendant and the court as to plaintiff's damages; that defendant had a meritorious defense as to damages only; that plaintiff had delayed service of execution for more than thirty days after judgment; and that damages were assessed in

a precipitate manner without an attempt to notify the Defendant.

 In the case before us, plaintiff's attorney did not fully advise the court (the same Judge who later acted on the motion under section 72) of his prior dealings with the insurance company claims manager and his conversation with one of the defendant's attorneys; defendant asserted a meritorious defense on the issue of liability; execution was not served on defendant until more than thirty days after judgment; defendant was defaulted on the first court day following the return day and judgment was entered two days thereafter; and no attempt was made by plaintiff's attorney to notify the local attorneys who were to represent the defendant, who were apparently known to plaintiff's counsel even though the contacts were minimal.

The circumstance that the insurance company was not notified would not, standing by itself, have been sufficient to justify setting aside the judgment. It is rather the cumulative result of all of the circumstances which apparently motivated the Trial Court to grant the relief requested and to set aside the judgment and vacate the order of default. While the procedures undertaken by plaintiff's attorney may not have been violative of specific rules of Civil Practice and Procedure, they may not have conformed to the customs, local rules (including appearance of cases on the trial calendar) or habits of professional courtesy of the Bar in DuPage County.

All of these circumstances obviously entered into consideration of the Trial Judge and the actions of the Trial Judge were within the scope of his authority. While one or more members of this court might have reached an opposite result as a Trial Judge, it was obvious that there was no abuse of discretion in the action of the Trial Judge in vacat-

ing the judgment. The court probably also noted that the only basic burden imposed upon plaintiff by such action is the requirement that he prove his case and that to permit the judgment to stand would place an unreasonable burden upon defendant's attorneys under all of the facts and circumstances.

The order of the Circuit Court of DuPage County will, therefore, be affirmed.

Affirmed.

STOUDER and CORYN, JJ., concur.