MAGNOLIA McDONALD, Plaintiff-Appellee, *v.* CHECKER TAXI COMPANY, INC., *et al.*, Defendants-Appellants.

First District (5th Division)  No. 76-168

Opinion filed December 3, 1976.

Jesmer and Harris, of Chicago (Julius Jesmer and Marvin G. Lanzel, of counsel), for appellants.

Terrance Mitchell, of Hazel Crest, for appellee.

Mr. PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant, Checker Taxi Company, Inc., appeals from an order entered pursuant to plaintiff's section 72 of the Civil Practice Act petition (Ill. Rev. Stat. 1975, ch. 110, par. 72) which vacated a prior order dismissing plaintiff's complaint as a sanction for her refusal to answer defendant's interrogatories. It contends the trial court abused its discretion in granting relief because (1) plaintiff did not allege facts that, if known to the court at the time of the original order, would have prevented entry of the judgment nor facts that showed due diligence; and (2) plaintiff, rather than her attorney, should have signed the section 72 petition.

Plaintiff filed her action on July 3, 1974, seeking damages against defendant and Ira King, Checker's employee, for injuries allegedly sustained when a taxicab driven by King collided with plaintiff's vehicle. On December 2, 1974, plaintiff, through counsel, moved that Terrance Mitchell be granted leave to appear as additional counsel and that the address for service of papers upon plaintiff be changed.

That same day defendant moved to dismiss plaintiff's action as a sanction for plaintiff's failure to answer interrogatories. In an accompanying affidavit, defendant stated that interrogatories were served on plaintiff's initial counsel on August 5, 1974; that her counsel was informed on October 14, 1974, that the interrogatories had not been answered; and that defendant also wrote to counsel on November 11, 1974, concerning this matter. The record contains a copy of the interrogatories which does not show an addressee, the clerk's filing stamp, nor a proof of service. However, on October 15, 1974, notice directed to plaintiff's counsel was filed stating that interrogatories were served on August 5, and requesting that answers be supplied. On December 2, 1974, Terrance Mitchell was given leave to appear as additional counsel for plaintiff, and defendant's motion to dismiss was continued until January 9, 1975. On that date, when Mitchell did not appear, the cause was dismissed.

On May 21, 1975, after Mitchell was granted leave to withdraw as counsel, plaintiff's motion to vacate the dismissal order of January 9, 1975, was withdrawn. One week later, plaintiff's original counsel filed a section 72 motion to vacate the dismissal order supported by affidavits of Mitchell and Mitchell's wife.

According to the petition and the affidavits, Mitchell prepared the answers to the interrogatories and mailed them to plaintiff on December 3, 1974. The answers were not returned and counsel averred in the petition that the answers were presumably lost in the mail. Mitchell was also preoccupied with both the physical and emotional problems of his wife which required her hospitalization on January 8, 1975, for tests and subsequent surgery on January 13, 1975. Because of his concern about his wife's health, Mitchell claimed that he did not record the January 9, 1975, date in his diary and that he was with his wife at the hospital on that date.

Mitchell also alleged that he attempted to examine the court file on several occasions during the months following the dismissal order, but the file could not be found in the office of the circuit court clerk. The record shows that on June 11, 1975, the court directed the clerk to restore the lost file.

Defendant had filed a notice to depose plaintiff on October 29, 1974. The section 72 petition alleged that the deposition was continued by agreement of the parties from that date until February 6, 1975. On the latter date, Mitchell spoke with the deposition clerk at the office of

defendant's attorney and a new date for the deposition, May 14, 1975, was agreed upon. The deposition clerk made no mention of the dismissal of the action. When Mitchell called the office of defendant's attorney on the latter date concerning the deposition, he was informed by an attorney of the prior dismissal.

Defendant's response stated, in pertinent part, that plaintiff had not signed the section 72 petition, and that on February 5, 1975, Mitchell had not talked to an attorney but to a secretary who could not be expected to know the status of every case in the office. Subsequently, the trial court granted plaintiff's amended section 72 motion on November 5, 1975.

OPINION

■■ Defendant first contends that plaintiff did not allege facts that, if presented to the trial court on January 9, would have excused the failure to file answers to the interrogatories. The issue before the court in considering whether to grant section 72 relief was not whether the January 9 dismissal for plaintiff's failure to file the interrogatories was a proper sanction under Supreme Court Rule 219, but whether the section 72 motion contained a reasonable excuse for failure of plaintiff's counsel to appear on that date.

In *Park Avenue Lumber & Supply Co. v. Hofverberg, Inc.* (1966), 76 Ill. App. 2d 334, 347-48, 222 N.E.2d 49, this court noted that there is a massive amount of litigation in Cook County and default judgments are bound to occur. Consequently, the tendency is to apply section 72 liberally in granting relief in such instances. Generally, the section 72 petition must allege facts stating adequate grounds for relief and due diligence in seeking to invoke the equitable powers of the court. (*Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 468, 350 N.E.2d 97.) Only where there has been an abuse of discretion will the trial court's judgment granting or denying section 72 relief be reversed. *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 977, 313 N.E.2d 684; *Estate of Fado v. Fadukovich* (1976), 43 Ill. App. 3d 759, 357 N.E.2d 195.

If the dismissal is due to the inadvertent failure of plaintiff to follow the case and plaintiff does not move promptly for relief and explain the failure to appear, reinstatement of the case is not warranted. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719.) In this case the section 72 petition stated that counsel failed to appear in court on only one occasion, January 9, 1975, because his wife was seriously ill at the time. On December 3, counsel had drafted answers to the interrogatories and forwarded them to plaintiff, although it is claimed that she did not receive these documents. In any event, the action of plaintiff and her counsel in failing to file answers to defendant's interrogatories and in

missing one court appearance did not constitute a course of conduct on the part of the plaintiff and her counsel which reasonably could have led the defendant and the court to believe that plaintiff did not wish to prosecute her suit. See *Bernier v. Schaefer* (1957), 11 Ill. 2d 525, 144 N.E.2d 577.

Moreover, it is evident that counsel's failure to appear on January 9, 1975, was due to the documented illness of his spouse and not because of any disrespect he or his client had for the court or its orders. This is not a case like *612 North Michigan Avenue Building Corp. v. Factsystem, Inc.* (1975), 34 Ill. App. 3d 922, 340 N.E.2d 678, where a party had engaged in a program of deliberate defiance of the court's authority and the rules of discovery thereby justified a drastic sanction. We note in *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 314 N.E.2d 638, this court reversed a dismissal order for failure of counsel to appear at a pretrial conference because there was no deliberate flouting of the court's order. A similar conclusion, as that reached in *Conover*, is justified by the facts of this case.

■■ Defendant also contends plaintiff did not demonstrate due diligence. Mitchell admitted his mistake in not properly noting the January 9, 1975 date for a hearing on defendant's motion to dismiss. Whether due diligence is established depends on a consideration of all of the circumstances. (See *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350.) Mitchell did not enter this case until December 2, 1974. At that time he began correspondence with plaintiff. He averred that he checked with the clerk's office in nine instances between February 20 and May 14, 1975, in an effort to find the official court file. On each of these occasions, the court file was missing, ultimately requiring a court order that the file be restored. Also, Mitchell was obviously misled concerning the pendency of the case because of his conversation with the deposition clerk at the office of the defendant's attorney less than a month after the dismissal order. The dismissal order provided judgment for costs and execution against plaintiff; but defendant did not seek to execute this judgment. Consequently, plaintiff was never aware that her complaint had been dismissed.

*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518, is inapposite to this case. In *Diacou,* the court affirmed the dismissal of a cause where plaintiffs failed to demonstrate that they exercised due diligence in filing their section 72 petition. There, plaintiffs waited almost one year from the time the cause was dismissed until filing their section 72 petition, failed to appear after having been ordered to proceed *pro se,* and failed to show their alleged counsel was unable to appear or had any excuse for failing to appear other than mere inadvertence. Here, plaintiff's attorney filed the instant petition within five months from the

dismissal order and immediately after first learning of the dismissal. Unlike the plaintiffs in *Diacou*, plaintiff was relying upon counsel to represent him and appear on his behalf. Plaintiff's counsel, by affidavit, swore to facts which showed his whereabouts on January 9, 1975, his repeated efforts to examine the missing court file, and his reliance upon misleading information from defendant's attorney's office. Based upon the record before us, we conclude that plaintiff demonstrated due diligence and the trial court did not abuse its discretion in granting relief pursuant to section 72 of the Civil Practice Act in order to avert a failure of justice.

■■ Finally, defendant contends plaintiff, rather than her attorney, should have signed the section 72 petition. It cites *Frandsen v. Anderson* (1969), 108 Ill. App. 2d 194, 247 N.E.2d 183, as authority for this proposition. However, that case is distinguishable because the attorney filing the section 72 petition there was not authorized to file it by plaintiffs and in fact mailed it in his own name only after the clients had sued him for malpractice.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN and BARRETT, JJ., concur.