JAMES SMITH *et al.*, Plaintiffs-Appellants, *v.* JOHN FULYATER *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 76-1379

Opinion filed March 30, 1977.

Klopfer and Kahn, of Chicago (John H. Winand, of counsel), for appellants.

Beverly, Pause, Duffy & O'Malley, of Chicago (John M. Murray, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The plaintiffs, James and Dorothy Smith, brought this action in the circuit court of Cook County to recover damages for personal injuries arising out of the alleged negligence of defendants, John Fulyater and Joseph Gabler, in the operation of their automobiles. On April 21, 1975, the trial court dismissed plaintiffs' action for their failure to attend a pretrial conference. On July 26, 1976, plaintiffs' petition pursuant to section 72 of the Civil Practice Act was denied by the trial court. Plaintiffs appeal the order as it applies to the defendant Fulyater. Gabler is not involved in this appeal.

On January 27, 1969, this action was filed and was subsequently consolidated with two other matters arising out of the same accident. On January 17, 1973, pursuant to an affidavit by counsel for defendant John Fulyater, stating that the latter was in military service, the consolidated case was placed on the military calendar. On January 14, 1975, while the matter remained on the military calendar, the assignment judge assigned the case to the present judge. On April 16, 1975, the trial court on its own motion removed the cause from the military calendar nunc pro tunc as of January 23, 1975. On April 21, 1975, the trial court dismissed the two other matters in the consolidated case as having been settled by agreement of the parties. On the same date, the trial court dismissed the present action for failure of plaintiffs or their counsel to attend a pretrial conference.

On July 26, 1976, plaintiffs filed their section 72 petition requesting that the order of dismissal be vacated. The petition was accompanied by a joint affidavit executed by plaintiffs' attorneys. The affidavit recited in pertinent part that on January 13, 1975, the case, while still on the military calendar, was assigned by the assignment judge to the trial judge; that said order of assignment was reflected on the jacket of the law division file only, and that no notice or copy of the order of assignment ever was received by plaintiffs' attorneys. The affidavit further recited that counsel never received any notice of the removal of the case from the military calendar, any notice of a pretrial conference, or any notice or copy of the order dismissing the cause. The affidavit additionally recited that an attached photocopy of the court file listed all the names of the attorneys involved in the case, and that the address of plaintiffs' attorneys was written as being at 25 East Washington Street; that the attorneys never had such an address; and that at all times their offices were at 7 South Dearborn Street in Chicago. The affidavit further recited that plaintiffs' attorneys had no information to contradict the fact that Fulyater was still in the military service, having received no advice from his attorney that his term of service had ended. The affidavit set forth that plaintiffs had a meritorious cause of action in that they were involved in a rear end collision in which they had received personal injuries. The affidavit concluded by stating that plaintiffs' attorneys had first learned of the order of dismissal on or about May 1, 1976, in a yearly review of all cases placed on dormant calendars, and that they had proceeded diligently after learning of the dismissal. This affidavit was uncontroverted in the trial court. (Defendant has attached to his answering brief an appendix containing an affidavit, dated January 13, 1977, executed by the trial judge's secretary. In it, she states that she has no recollection of this case, but that it was her usual and customary practice to notify by postcard all attorneys whose cases were assigned to the present judge. Her affidavit was not part of the trial record, and we will not consider it.) On July 26,

1976, the trial court denied the petition of plaintiffs to vacate the order of dismissal.

■■ In our view, the foregoing recitation of the pertinent proceedings reveals that plaintiffs are entitled to a vacatur of the order of dismissal. Fundamental fairness requires that notice of a default or a dismissal be given a party of record. (*Washington Manufacturing Co. v. American Uniform Rental Co.* (1966), 73 Ill. App. 2d 49, 218 N.E.2d 499.) The uncontroverted affidavit of plaintiffs' attorneys states that they were given no such notice. Just as importantly, the court file itself reflects that the order assigning the case out for trial or pretrial was entered without notice. Moreover, no notice is indicated regarding the removal of the cause from the military calendar. The plaintiffs proceeded with due diligence after learning of the dismissal. Their section 72 petition indicated that they had a meritorious cause of action, and we believe that they are entitled to their day in court.

■■ Defendant urges, however, that the section 72 petition filed by plaintiffs was defective in that notice of said petition was served on the attorneys and not on the defendant. However, defendant Fulyater's attorneys appeared in court at the time of the hearing on the petition and made no representation that they no longer represented Fulyater. While arguing against the granting of the petition, the attorneys at no time challenged the notice or the sufficiency of the petition. Under such circumstances, we believe any objection was waived. (See *Carroll & Neiman, Inc. v. Silverman* (1975), 28 Ill. App. 3d 289, 328 N.E.2d 205.) Moreover, in *Public Taxi Service, Inc. v. Ayrton* (1973), 15 Ill. App. 3d 706, 304 N.E.2d 733, the case relied on by defendant for his argument that the notice of petition was defective, we held that if counsel's actions indicate that he remains the party's attorney, no logical reason exists why the party should not be notified of the section 72 petition through that counsel. Such is the situation in the present case.

For the reasons stated, the order of the circuit court of Cook County dismissing the present cause is reversed, and the matter is remanded for further proceedings consistent with the holdings of this opinion.

Order reversed and remanded.

SIMON, P. J., and McGILLICUDDY, J., concur.