JOSEPH CHASE, Plaintiff-Appellee, *v.* FRED CUMMINGHAM *et al.*, Defendants.—(RALPH BURGHOLZER, Defendant-Appellant.)

First District (2nd Division)    No. 77-1409

Opinion filed September 5, 1978.

Steven Lubet, of Chicago, for appellant.

Garretson & Santora, of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

In accordance with Supreme Court Rule 304(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(3)), defendant Ralph Burgholzer appeals from the denial of his petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), which sought to vacate a default judgment. The sole issue on review is whether the trial court abused its discretion in denying the petition.

On October 20, 1972, Joseph Chase, plaintiff, and Ralph Burgholzer, defendant, were involved in an automobile accident. On July 3, 1972, plaintiff filed suit against both defendant and defendant's stepfather, Fred Cummingham, owner of the automobile. On July 19, 1973, a single summons was personally served on both defendant and his stepfather. One month later an answer was filed on behalf of the stepfather. No appearance or answer was filed on behalf of the defendant. The case was continued over a two-year period and on June 4, 1975, a default judgment was entered against defendant in the amount of $283.99.

Almost two years later, on June 3, 1977, defendant filed a section 72 petition to vacate the judgment. The petition alleged that defendant was 17 years old, a minor, when he was served with summons; and that he turned the summons over to his stepfather who assured him that he would retain counsel to represent both of them and not to worry about it. The petition also alleged that in April 1974, defendant moved to Arizona where he remained until March 1977, when he returned to Illinois; upon return, he applied for a chauffeur's license and learned for the first time that his license was suspended for his failure to satisfy the June 4, 1975, default judgment rendered against him. The petition further alleged that the accident was caused by plaintiff backing into defendant, and that this constituted a meritorious defense to the action.

On June 10, 1977, a hearing on the petition was held. At that time it was discovered that defendant's stepfather died in late 1974, that defendant had not inquired as to the status of his case until 19 months after the

judgment was entered against him, and that defendant had reached the age of majority one year prior to June 10, 1977.

The trial court denied the petition finding that defendant failed to act with due diligence in that he did not return to the jurisdiction or insure that his stepfather had taken care of the matter for him within one year after he attained the age of majority.

I.

● 1 A petition to vacate a default judgment under section 72 invokes the equitable powers of the court as justice and fairness require, so that one may not enforce a default judgment obtained by unfair, unjust, or unconscionable circumstances. (*Diner's Club, Inc. v. Gronwald* (1st Dist. 1976), 43 Ill. App. 3d 164, 168, 356 N.E.2d 1261; *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348.) Whether or not such a petition should be granted depends upon consideration of all the circumstances. (*McDonald v. Checker Taxi Co.* (1st Dist. 1976), 44 Ill. App. 3d 345, 358 N.E.2d 95.) This court is justified in disturbing the trial court's decision only if it finds that the trial court has abused its discretion. *George F. Mueller & Sons, Inc. v. Ostrowski* (1st Dist. 1974), 19 Ill. App. 3d 973, 977, 313 N.E.2d 684.

■■ ■ To warrant relief under section 72, it is incumbent upon the petitioner to show both the existence of a meritorious defense in the original action and the exercise of due diligence in presenting that defense. (*Wayne v. Thompson* (1st Dist. 1974), 18 Ill. App. 3d 908, 909, 310 N.E.2d 789.) The petitioner must present facts not appearing on the record, which if known to the trial court at the time the judgment was entered would have prevented its rendition. (*Danforth v. Checker Taxi Co.* (1st Dist. 1969), 114 Ill. App. 2d 471, 475, 253 N.E.2d 114.) Accordingly, the petitioner must show that his failure to defend was the result of an excusable mistake, and that he acted reasonably, and not negligently, when he failed to initially resist the judgment. *Johnson-Olson Floor Coverings, Inc. v. Branthaver* (2d Dist. 1968), 94 Ill. App. 2d 394, 398, 236 N.E.2d 903; *Hogan & Farwell, Inc. v. Meitz* (1st Dist. 1976), 45 Ill. App. 3d 216, 220-21, 359 N.E.2d 740.

Defendant maintains that in determining diligence, the courts have looked to what a reasonable person would have done under like circumstances, citing *Busser v. Noble* (2d Dist. 1956), 8 Ill. App. 2d 268, 131 N.E.2d 637. According to *Busser*, the question becomes " ' "was the defendant reasonably justified under the circumstances in relying upon such a promise, or, in other words, was his neglect to attend to the matter himself, excusable." ' " 8 Ill. App. 2d 268, 282.

Defendant cited several cases wherein the court found reliance on a third party to be justified and constituted due diligence: *Boyle v. Veterans*

*Hauling Line* (1st Dist. 1961), 29 Ill. App. 2d 235, 172 N.E.2d 512; *Sterling Myers Ford Sales, Inc. v. Brown* (3d Dist. 1975), 33 Ill. App. 3d 619, 338 N.E.2d 149; *Dalton v. Alexander* (3d Dist. 1956), 10 Ill. App. 2d 273, 135 N.E.2d 101; *Dann v. Gumbiner* (1st Dist. 1961), 29 Ill. App. 2d 374, 173 N.E.2d 525.

In each of these cases the defendant forwarded the legal process to an insurer, an insurance company, or an insurance broker who was required to defend or follow the case but failed to do so. Plaintiff distinguishes these cases on the grounds that insurance agents are legally obligated to defend their clients, whereas a stepfather has no such legal obligation.

Plaintiff cites *Campbell v. Kaczmarek* (1st Dist. 1976), 39 Ill. App. 3d 465, 350 N.E.2d 97, where the court held that petitioner did not show due diligence by merely alleging that she brought all legal papers she received to an attorney and relied on him to take care of her defense. Plaintiff reasons that if the court ruled that bringing one's papers to an attorney and relying on an officer of a court to protect her interests were not due diligence, certainly bringing one's papers to a non-lawyer would not be demonstrative of due diligence.

However, the facts in *Campbell* are distinguishable from the facts in the present case. In *Campbell*, one month after the entry of the default judgment, a sheriff personally served defendant with an order to turn over some property. Seven months later garnishment proceedings were instituted against defendant's bank account. It was not until after the garnishment judgment was entered that defendant filed a section 72 petition.

In the present case, defendant relied upon his stepfather to handle the case after his stepfather had given him this assurance. Defendant received no notice of the default judgment until he applied for the chauffeur's license. Within three months of learning of the default judgment, a section 72 petition was filed on defendant's behalf.

■■ The record is silent as to whether plaintiff actually attempted to serve notice of the default judgment upon defendant. A plaintiff who does not notify a defendant of a default judgment stands more vulnerable to a section 72 motion. (*Johnson-Olson Floor Coverings, Inc. v. Branthaver* (2d Dist. 1968), 94 Ill. App. 2d 394, 400, 236 N.E.2d 903.) Fundamental fairness requires that notice of a default be given a party of record. (*Smith v. Fulyater* (1st Dist. 1977), 47 Ill. App. 3d 662, 664, 365 N.E.2d 92.) There is nothing in the record to indicate that the plaintiff sought to execute the default judgment. No explanation for this delay has been offered by plaintiff. Although it is not completely controlling or conclusive, a delay of over 30 days in executing a default judgment deprives the defendant of notice and may cast a cloud on the proceedings. *Sterling Myers Ford Sales,*

*Inc. v. Brown* (3d Dist. 1975), 33 Ill. App. 3d 619, 623, 338 N.E.2d 149.

Plaintiff maintains that it is the litigant's duty to follow his case in court. After acknowledging that a litigant has the duty and obligation to follow the progress of its case in court, this court in *Manny Cab Co. v. McNeil Teaming Co.* (1st Dist. 1975), 28 Ill. App. 3d 1014, 1019, 329 N.E.2d 376, stated:

> "However, the question of due diligence need not be viewed in a vacuum. For the sufficiency of a petition to set aside a default judgment under section 72 addresses itself to the equitable powers of the court, and where, in the interest of justice and fairness, a default judgment has been entered under unfair, unjust, or unconscionable circumstances, that judgment will be vacated. [Citations.] Under these circumstances, justice and good conscience may require that a judgment be vacated even though there may be a lack of due diligence. [Citations.]"

The record indicates that defendant reached the age of majority one year prior to June 10, 1977. Thus, presumably, defendant was still a minor when default judgment was entered against him on June 4, 1975. As this court held in *Terrace Co. v. Calhoun* (1st Dist. 1976), 37 Ill. App. 3d 757, 761, 347 N.E.2d 315:

> "Neither a default nor a judgment for want of an answer may be taken against a minor without a guardian *ad litem* having first been appointed to represent him and without proof in court of the allegations in the complaint."

*Cf. Chmielewski v. Marich* (1st Dist. 1953), 350 Ill. App. 379, 113 N.E.2d 69, *aff'd* (1954), 2 Ill. 2d 568, 119 N.E.2d 247.

Plaintiff also maintains that defendant failed to present in his petition a meritorious defense to the original action. We disagree.

Defendant, in his petition, stated the following:

> "Ralph Burgholzer has a meritorious defense to the complaint in that the accident which occurred on October 20, 1972, was caused by plaintiff's car backing into the car driven by Ralph Burgholzer."

Plaintiff has not controverted this by filing either a response or cross-affidavit. These allegations not denied must be taken as true. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348.) Thus, we find that defendant has sufficiently set forth ultimate facts which constitute a meritorious defense. *Manny Cab Co. v. McNeil Teaming Co.* (1st Dist. 1975), 28 Ill. App. 3d 1014, 329 N.E.2d 376; *Smith v. Fulyater* (1st Dist. 1977), 47 Ill. App. 3d 662, 365 N.E.2d 92.

Under the circumstances of this case, we find that defendant's petition sets forth facts invoking the equitable powers of the trial court. In the interest of justice and fairness defendant should be allowed an opportunity to appear and defend in this matter.

Accordingly, the trial court's judgment is reversed and the case remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

PERLIN and BROWN, JJ., concur.