RUTH M. CZEKAJ, n/k/a Ruth Walker, Petitioner-Appellant, *v.* WALTER A. CZEKAJ, Respondent-Appellee.

First District (1st Division)   No. 77-1643

Opinion filed November 6, 1978.

Bentley, DuCanto, Silvestri & Doss, Ltd., of Chicago (Owen L. Doss, of counsel), for appellant.

Edward S. Richman, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Ruth M. Czekaj (Walker) (petitioner), obtained a default judgment against Walter A. Czekaj (respondent), for $23,859 plus $750 for attorney's fees. The trial court allowed the motion and petition of respondent to vacate the default judgment and set the matter for hearing on the merits. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) Petitioner has appealed.

A summary of the record is required. The marriage of these parties was dissolved by a judgment entered August 14, 1963. Petitioner was given custody of two minor children. On March 12, 1976, petitioner, by her counsel, caused notice of a motion to be served on respondent by ordinary mail directed to his place of residence in California. The notice called for appearance on April 2, 1976, before Honorable David Linn, then a judge of the circuit court of Cook County.

Appended to the notice was a petition for a rule to show cause. The petition alleged expenditures by petitioner in excess of $23,000 for the college education of the two children of the parties and additional amounts for extraordinary medical expense. The petition prayed a rule to show cause against respondent for his failure to pay the medical expense; that respondent be required to reimburse petitioner for the items pertaining to college education; a judgment against respondent for $418 for the extraordinary medical expense and allowance of petitioner's attorney's fees.

On April 2, 1976, Honorable John J. Crown, judge of the circuit court of Cook County, entered a judgment order in favor of petitioner and against respondent for education and medical expense of $23,859 and for attorney's fees of $750. Neither respondent nor any attorney in his behalf was present at the entry of this judgment.

On June 17, 1976, respondent, by his counsel, filed a written motion to set aside the judgment order. The motion alleged that respondent did not receive any notice of the entry of the judgment order of April 2, 1976. This motion was not verified. On the same date respondent, by his counsel, filed a verified petition in which he alleged that he was an actual resident of California and that he "did not receive notice of plaintiff's [petitioner's] Petition for Rule to Show Cause, set for April 2, 1976 and was totally unaware of said proceedings." The petition also alleged that respondent received "notice of said judgment order a few weeks thereafter and immediately sought the advise [sic] of counsel in Chicago, Illinois." The petition also alleged that respondent has complied with the support provisions of the judgment for divorce and that he was never ordered to pay additional sums for education of the children. Also it alleged financial inability of respondent to make such payments.

On July 30, 1976, petitioner filed a motion to strike the motion of

respondent and a separate motion to strike respondent's petition to vacate. The motion to strike the petition stated that the petition was not "accompanied by an Affidavit as required under Section 72 of the Civil Practice Act * * *." On August 7, 1976, respondent filed his affidavit as a part of his petition to vacate the judgment. The affidavit stated that he never received a copy of the notice of motion and petition requiring him to appear in court on April 2, 1976; never received a copy of a rule to show cause and never received notice that petitioner would request the court to enter judgment against him in the amount of $23,859. Immediately upon learning of the default judgment he contacted his attorney to take necessary steps to set it aside and obtain a hearing on the merits.

We need not describe the various orders entered thereafter or the motions for reconsideration which followed virtually every definitive order entered by the trial judge. For purposes of this appeal, it is sufficient to state that on August 5, 1977, the trial court entered the order appealed from. This order vacated the *ex parte* judgment entered against the respondent on April 2, 1976, and also vacated all orders entered thereafter in the case. It directed that a date certain would be set for hearing of the petition for rule to show cause filed April 2, 1976.

■■ In substance then, we have before us an issue regarding the sufficiency of the petition filed by respondent under section 72 of the Civil Practice Act. The applicable legal principles have frequently been stated by the courts of Illinois. This type of proceeding " 'invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances.' " (*Sterling Myers Ford Sales, Inc. v. Brown* (1975), 33 Ill. App. 3d 619, 622, 338 N.E.2d 149, quoting from *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348.) A primary function of the section 72 petition is thus to prevent injustice. "Only when the reviewing court is convinced that the trial court has abused its discretion will the judgment be reversed." (*Sterling Myers Ford Sales, Inc. v. Brown* (1975), 33 Ill. App. 3d 619, 622.) In addition, it is necessary for such a petition to allege a meritorious defense (*Coronet Insurance Co. v. Jones* (1977), 45 Ill. App. 3d 232, 238, 359 N.E.2d 768), and to show that the petitioner has acted with due diligence. *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 357 N.E.2d 518.

■■ In the case before us, it is our opinion that the requirements of section 72 have been satisfied by respondent's petition. The petition and the affidavit in support thereof show that respondent has been providing child support to the petitioner and that respondent has never been directed to pay educational expenses. It is alleged that respondent is not financially able to provide for payment of educational expenses. It is alleged that respondent contacted his attorney immediately after he

received notice of the existence of the judgment order. In our opinion, these pleadings are sufficient to allege that respondent acted with diligence and that he has a meritorious defense.

However, the central point here is notice upon respondent of the court appearance at which the default judgment was entered. The documents also show that respondent never received notice of the presentation of the petition for a rule to show cause. In respondent's motion to vacate, he alleged that he did not receive any notice concerning the entry of the order against him. It is alleged that he was totally unaware of these proceedings against him. Furthermore, the notice of motion mailed to respondent calls for a court appearance before Judge David Linn. The default order of April 2, 1976, shows, without any explanation in the record, that it was entered by Judge John J. Crown.

We also note that the petition filed April 2, 1976, is headed as a petition for a rule to show cause. The prayer of the petition is for a rule to show cause and reasonable attorney's fees. The only money judgment prayed for is $418 for medical expense. Thus, the amount of the money judgment entered by default far exceeded the prayer of the petition. Compare *Dils v. City of Chicago* (1978), 62 Ill. App. 3d 474, 481, 378 N.E.2d 1130, *appeal denied* (1978), ___ Ill. 2d ___.

Perhaps of even greater importance, the allegations of respondent's petition under section 72 and the affidavit in support thereof relating to notice upon respondent, have never been traversed or denied by petitioner from June 17, 1976, when the petition was filed, until August 5, 1977, when the order appealed from was entered. In this court, petitioner contends simply and only that the trial court should not have granted relief under a section 72 petition without holding an evidentiary hearing. Petitioner cites *Zieske v. Zieske* (1976), 41 Ill. App. 3d 746, 354 N.E.3d 513. *Zieske* did not involve a default judgment, as in the case before us, but an attempt to vacate a judgment for divorce which included an agreed property settlement. No issue of notice of the entry of a default judgment was considered there.

■■ The only other authority cited by petitioner is *People v. Bishop* (1953), 1 Ill. 2d 60, 114 N.E.2d 566, involving a writ of error *coram nobis*, now replaced by the section 72 practice. The case states the general principle that the function of the ancient writ was to bring to the attention of the court "errors of fact of such character as would have prevented rendition of the judgment." (*Bishop*, 1 Ill. 2d 60, 62.) This pronouncement does not necessarily require an evidentiary hearing on the petition before us. As shown, it is manifest that respondent never received notice of the presentation of the entry of judgment against him. In view of all the circumstances above shown, no evidentiary hearing on the petition was required.

■■ In our opinion, this record shows convincingly that respondent had no notice of the entry of the default judgment and this effectively deprived him of his day in court and of his opportunity to assert his defense. In such a situation, the default judgment should be set aside to afford the respondent a day in court. Depriving an individual of an opportunity to be heard should not be countenanced by any court. (See *Electrical Wholesalers, Inc. v. Silverstein* (1977), 47 Ill. App. 3d 689, 692, 365 N.E.2d 375 and the cases there cited. See also *Hall v. McMillian* (1972), 8 Ill. App. 3d 448, 289 N.E.2d 669.) We therefore conclude that the order appealed from was properly entered and it should be affirmed.

In our opinion an additional statement is appropriate here. The record before us shows that the trial court displayed a laudable degree of patience and forbearance in the handling of this matter. The order which he entered was not only fair and equitable to both parties but was legally proper in granting the respondent an opportunity to be heard on the merits of the situation. Both counsel should cooperate with the trial court so that there may be a speedy and orderly disposition of the matters reflected herein on the merits and in accordance with the equitable rights of both parties. Further delay in hearing the merits of the petition for a rule to show cause, pending for 2½ years, should not be tolerated.

The order appealed from is affirmed.

McGLOON and O'CONNOR, JJ., concur.