HELEN FROSTIN, Plaintiff-Appellee, *v.* MATTHEW RADICK, Indiv. and
d/b/a Radick Auto Sales, Defendant-Appellant.

First District (3rd Division)   No. 79-30

Opinion filed November 14, 1979.

Bruce M. Bozich, of Edward R. Vrdolyak, Ltd., of Chicago, for appellant.

Laurence J. Bolon, of Frank, Melamed & Bolon, Ltd., of Chicago, for
appellee.

Mr. PRESIDING JUSTICE SIMON delivered the opinion of the
court:

Is a layman duly diligent in defending a suit against him when he puts
his legal problem into the hands of his insurance company, then checks on
its progress? That question is raised by this appeal from the denial of a
section 72 petition.

The defendant sought to reopen a default judgment by arguing that
his insurance company had repeatedly assured him it would defend the
suit, although in fact the company had no such plans and did nothing to

defend the suit. The circuit court ruled as a matter of law that the defendant's reliance on his insurance company had not discharged his responsibilities to the court, and dismissed the petition. We reverse, but remand for resolution by the trial judge of conflicting facts.

The issue arose soon after plaintiff Helen Frostin was bitten by a dog belonging to defendant Matthew Radick at his used car lot. The incident occurred on October 10, 1977, and a complaint was filed on December 27, 1977. Radick was personally served the same day. No answer was filed on behalf of the defendant, and on February 17, 1978, a default judgment was entered on motion of Frostin. After a hearing on March 6, 1978, which Radick did not attend, judgment was entered for Frostin for $7,500.

One week later, Frostin's attorneys sent Radick a letter notifying him of the default judgment and urging him to contact them about payment. Frostin waited 2 months, then began citation proceedings on May 15, 1978. A citation to discover assets was personally served on Radick on May 23, 1978. Radick failed to appear on June 30, 1978, at a hearing in response to the citation, and a rule to show cause was issued. Radick was personally served with the rule on July 5, 1978. On July 20, 1978, Frostin's attorneys received notice of a motion to be filed by Radick's present attorneys. The defendant's section 72 petition was filed on August 1, 1978.

In his petition, Radick admitted that the complaint had been served upon him on December 27, 1977, but said that he immediately took the complaint and the summons to his insurance agent, Patrick Mundt. Radick alleged that he had assumed that his insurance company would defend the suit. In fact, it took no steps to defend the suit. Radick did not know of the insurance company's failure to defend until he was served with the notice of the contempt proceedings. He immediately obtained new counsel, who filed the section 72 petition. Radick alleged that he had a meritorious defense, since Frostin both had notice and knowledge of the presence of a guard dog and entered an area prohibited to the public. In an accompanying affidavit, Radick said that Mundt assured him the insurance company would enter an appearance and an answer and defend the suit. He also explained that there were warning signs clearly visible to the plaintiff, who had nevertheless entered the prohibited area where the guard dog was kept.

In response, Frostin filed her attorney's affidavit stating that he had sent Radick an attorney's lien letter on October 25, 1977, asking him to contact his insurance company and suggesting that he provide the insurer with all pertinent information. Radick telephoned Frostin's attorney the next day and left the name of his insurer and the policy number. On November 1, 1977, Mundt called Frostin's attorney and informed him that Radick's policy contained an animal exclusion clause. Mundt said that the insurance company would not cover the dog bite incident. Frostin's

attorney stated that Radick made no effort to take any action in the case until July 20, 1978.

A hearing on Radick's petition was held on August 23, 1978. Matthew Radick testified that he turned the summons and complaint over to Mundt immediately after receipt, and contacted Mundt several more times to inquire into the progress of the suit. Radick did not learn that his insurer failed to file an answer until June of 1978, when Mundt told him that the insurance company had not defended the suit because of the animal exclusion clause. Radick denied receiving notice of the default, citation or contempt proceedings, but said that the notices might have been received by his brother. Mundt testified that although he knew of the animal exclusion clause in Radick's policy in October of 1977, he did not tell Radick that the insurance company would not cover the incident. Mundt said that he told Radick on each of the several occasions that Radick inquired about the progress of the suit that he was being represented. He could not recall ever telling Frostin's attorneys that Radick had been told he was not being represented by the insurer. The circuit court dismissed Radick's section 72 petition. After rehearing was denied on October 12, 1978, Radick appealed.

■■ Section 72 of the Civil Practice Act provides a means of vacating a judgment after 30 days have passed, but within 2 years of judgment. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The petitioner must show that he had a meritorious defense to the action, and that "through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence." (*Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 310, 357 N.E.2d 518, 520.) In dismissing Radick's petition, the circuit court assumed that even if it accepted the testimony of Radick's witnesses, that testimony did not show the diligence required in a section 72 petition. In this ruling of law the circuit court erred.

■■ The testimony presented by Radick, which the trial court apparently accepted for purposes of ruling on the petition, showed that Radick delivered the complaint and summons to his insurance agent, then made periodic inquiries into the course the insurer was taking. It is true that if a defendant puts his complaint into his insurer's hands and makes no further inquiries, his negligence forecloses section 72 relief. (*Chmielewski v. Marich* (1954), 2 Ill. 2d 568, 576, 119 N.E.2d 247, 252; *Hunt v. General Improvements, Inc.* (1977), 48 Ill. App. 3d 421, 424, 362 N.E.2d 1143, 1145; *Wagner v. Sulka* (1948), 336 Ill. App. 101, 105, 82 N.E.2d 922, 925; *Bonn v. Arth* (1947), 331 Ill. App. 321, 330, 73 N.E.2d 128, 132.) But where a defendant forwards his complaint and summons to his insurer, then makes repeated inquiries into the progress of his defense, he has been

sufficiently diligent in looking after his interest that he will be allowed to reopen a default judgment. (*Sterling Myers Ford Sales, Inc. v. Brown* (1975), 33 Ill. App. 3d 619, 621, 338 N.E.2d 149, 151; *Dann v. Gumbiner* (1961), 29 Ill. App. 2d 374, 382, 173 N.E.2d 525, 529; *Busser v. Noble* (1956), 8 Ill. App. 2d 268, 283, 131 N.E.2d 637, 644.) In determining diligence, the law looks to what a reasonable person would do under the same circumstances. (*Busser v. Noble* (1956), 8 Ill. App. 2d 268, 131 N.E.2d 637.) Radick performed here as a reasonable person might be expected. He took the complaint to the insurer, received assurances and kept himself posted on the latest developments. (Compare *Sterling Myers Ford Sales, Inc. v. Brown* (1975), 33 Ill. App. 3d 619, 338 N.E.2d 149, with *Burkitt v. Downey* (1968), 102 Ill. App. 2d 373, 242 N.E.2d 901.) Under the circumstances disclosed by Radick's evidence, he satisfied the section 72 diligency requirement.

The circuit court judge apparently dismissed the petition, not because he found Radick's evidence unbelievable, but because, regardless of the credibility of the witnesses, the petition failed to allege facts sufficient to show diligence. As noted above, however, the petitioner did present evidence which, if credible, would satisfy the requirement of diligence. Therefore, the cause must be remanded so that the circuit court can, in view of the conflicts between the evidence presented by Frostin and that offered by Radick, determine whether Radick's evidence is credible enough to prove his allegations of diligence.

■ Since the issue may arise again below we briefly discuss the meritorious defense requirement. Radick alleged in his section 72 petition that Frostin was bitten in his office, a "* * * prohibited area to the public marked by warning signs clearly visible." Frostin, on the other hand, alleged that the bite took place on the used car lot itself, but testified at the default proceeding that she saw Radick's dog inside the office when she first arrived on the lot. These allegations raise a meritorious defense. Under the Animal Control Act (Ill. Rev. Stat. 1977, ch. 8, par. 366), it is a defense to an animal liability action that the victim was in an area closed to the public, or that a warning, such as signs or the dog's presence, was given to the victim before the incident. *Dobrin v. Stebbins* (1970), 122 Ill. App. 2d 387, 391, 259 N.E.2d 405.

The cause is remanded to the circuit court for further proceedings consistent with the views set forth herein.

Judgment reversed and remanded.

McGILLICUDDY and RIZZI, JJ., concur.