VERNICE DAVIS *et al.*, Plaintiffs, *v.* CHICAGO TRANSIT AUTHORITY *et al.*, Defendants.—(JOHN FLEMING, Plaintiff-Appellant, *v.* CHICAGO TRANSIT AUTHORITY *et al.*, Defendants-Appellees.)

First District (2nd Division)    No. 78-1852

Opinion filed March 31, 1980.

Edward Levett, of Chicago, for appellant.

Edward J. Egan, James A. Stack, and John J. O'Toole, all of Chicago, for appellees.

Mr. PRESIDING JUSTICE PERLIN delivered the opinion of the court:

John Fleming, plaintiff-appellant, appeals from an order of the circuit court of Cook County denying him relief sought pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). The dispositive issue presented for review is whether the trial court abused its discretion when it entered an order denying Fleming's petition to vacate a directed verdict.

For reasons hereinafter set forth, we affirm.

On March 2, 1973, John Fleming filed an action for damages resulting from personal injuries he allegedly sustained on July 8, 1972, when the vehicle he was operating was involved in a collision with a vehicle owned and operated by the Chicago Transit Authority (hereinafter referred to as the CTA). On November 3, 1976, the trial court, at the close of Fleming's case, directed a verdict in favor of the CTA finding that Fleming had failed to prove the negligence of the CTA driver as well as his own freedom from contributory negligence. On December 1, 1976, Fleming filed a motion for a new trial contending, *inter alia*, that the trial court had refused to permit him to examine certain witnesses as provided in section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60), and that the trial court had erroneously entered a directed verdict in favor of the CTA. The trial court denied the motion for a new trial on March 27, 1977. No appeal was taken in a timely fashion from the denial of the motion for a new trial.

On June 23, 1978, Fleming filed a petition to vacate the directed verdict pursuant to section 72 of the Civil Practice Act alleging that his post-trial motion was improperly denied because he had proved both negligence on the part of the CTA driver and the absence on his part of any contributory negligence. The petition further alleged that counsel had been ill from January 1977 until February 1978 and therefore was not dilatory in filing the petition. The petition was denied on June 30, 1978. It is from this denial of his section 72 petition that Fleming now appeals.

Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) provides a procedure for obtaining relief from final orders, judgments and decrees after the expiration of 30 days from the date of the entry thereof. A motion for such relief from final judgments is addressed to the equitable powers of the court which entertains the petition. (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Lammert v. Lammert Industries, Inc.* (1977), 46 Ill. App. 3d 667, 360 N.E.2d 1355.) Whether the petition should be granted lies within the sound discretion of the court and depends upon the facts and equities presented. (*Chase v. Cummingham* (1978), 64 Ill. App. 3d 54, 56, 381 N.E.2d 27; *Lammert*, 46 Ill. App. 3d 667, 673; *Goldman v. Checker Taxi Co.* (1967), 84 Ill. App. 2d 318, 320, 228 N.E.2d 177.) Thus, we are justified in disturbing the judgment of the trial court only when we find that the discretion vested in the trial court has been abused. *Chase*, 64 Ill. App. 3d 54, 56; *Lammert*, 46 Ill. App. 3d 667, 673; *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 977, 313 N.E.2d 684.

The purpose of a section 72 petition is to bring before the court facts not appearing on the record which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Mercantile All-In-One Loans, Inc. v. Menna* (1978), 63 Ill. App. 3d 931, 937, 380 N.E.2d 944; *Lammert*, 46 Ill. App. 3d 667, 673-74.) A petition pursuant to section 72 cannot be used to relitigate questions previously adjudicated by valid means. (*Brunswick v. Mandel* (1974), 59 Ill. 2d 502, 322 N.E.2d 25.) Nor can the provisions of section 72 be invoked as a substitute for a timely appeal. (*Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 577, 377 N.E.2d 136.) In the case at bar Fleming alleged no facts or circumstances which were not known to the court at the time the directed verdict was entered. In fact, in his section 72 petition, Fleming merely reargued his post-trial motion. His petition appears to be an attempt to relitigate questions previously adjudicated by the trial court both at trial and pursuant to the post-trial motion and to revive those questions for appeal.[1] Accordingly, the trial court did not abuse its discretion when it denied Fleming's section 72 petition. For this reason we affirm the judgment of the circuit court of Cook County.

Affirmed.

DOWNING and HARTMAN, JJ., concur.

---

[1] The March 27, 1977, order denying Fleming's post-trial motion for a new trial could have been appealed to this court in a timely fashion. Fleming, however, failed to so do. The trial court, in denying Fleming's section 72 petition on June 30, 1978, found that such petition had been "submitted for the purpose of conferring jurisdiction of this cause to the appellate court ° ° °."